LEIGH M. CLARK, Supernumerary Circuit Judge.
A jury found appellant-defendant guilty of grand larceny, and the court sentenced him to imprisonment in the penitentiary for ten years.
No question is presented as to the sufficiency of the evidence to support a conviction. A short summary of some of it should suffice for the purpose of this opinion.
Two young women confederates of defendant testified that they rode with defendant in his automobile from Montgomery to Auburn, where they stole merchandise from the' Diane Shop there which they brought to the automobile of defendant and turned over to him. They testified that defendant planned the larceny in his discussions with them on the trip from Montgomery to Auburn. According to them, after they had turned the merchandise over to defendant, he took it inside the store. There was evidence from employees of the store that defendant brought the merchandise to the store and attempted to obtain a refund for the purchase price, which he was unable to obtain as he did not have a sales slip therefor. The store is located in the Village Mall, in Auburn, but close to the boundary line between Auburn and Opelika. Opelika and Auburn police cooperated in apprehending defendant at the Village Mall in his automobile, from which they took the merchandise, after they had apprehended the two young women in another store at the Village Mall.
Officer Dan Donnelly of the Auburn Police Department testified that he answered a call in connection with the incident, went to the Village Mall and there found Opelika officers and defendant at defendant’s car. The officers in searching the automobile for the stolen merchandise, and finding it, also found a notebook with entries as to items and value at several stores at Village Mall, Sears, Murphy’s, Wools-worth, Diana and Gayfer’s. As they were *494 looking at the book, defendant said, “You mean that crazy b_wrote down every place we went?” The question was asked by defendant before he had been advised of his rights (Miranda). Upon being cross-examined, the witness said:
“I didn’t tell him we had the book. It was Detective Grant that brought it over there and just opened the door [of the patrol ear into which defendant had been placed] and showed it to him, showed him the page. Opened it up and showed the page and that was when he volunteered the statement.” Officer Grant did not ask defendant any questions. Defendant moved to exclude the testimony as to what defendant said and on appeal insists that the trial court was in error in overruling defendant’s motion.
Appellant insists that, as at the time he was under arrest and had not been advised of his rights, the incriminating statement or question of defendant was presumptively involuntary and evidence thereof was inadmissible.
We agree with appellant’s counsel that defendant was then in custody and that he was entitled to an explanation of his rights [Miranda] before being interrogated by the officers as to the alleged crime. We do not agree that he made an involuntary statement. There may be some tendency in the evidence to indicate that defendant was shown the notebook in such a way as to constitute a custodial interrogation of him, but the circumstances do not support the conclusion that the trial court was in error in its determination that what defendant said was voluntary. In this connection, it is to be noted, that defendant based his motion to exclude on the ground “that proper foundation has not been laid as to whether or not the defendant was already under arrest or whether or not he Was already under interrogation.” The trial court stated that it wouldn’t make any difference whether he was under arrest or not “if the statement was voluntary and the officer said he didn’t ask him any questions, voluntary statement.” At the time the statement was admitted in evidence, all of the circumstances indicated that it was a voluntary remark in the form of a question. Never on the trial was it contended by defendant that it was involuntary, that it resulted from the equivalent of interrogation by the officers. Insofar as we can tell, that point was first raised on appeal after a review of the transcript of the testimony, including particularly the testimony listed on cross-examination of Officer Donnelly as quoted above, which constitutes the part of the testimony most favorable to defendant on the subject.
The trial court doubtless considered the above quoted testimony, including the conclusion to which no objection was made that defendant “volunteered the statement,” and all of the other evidence in connection with the question asked by defendant, in determining that the remark of defendant was voluntary, that is, that it was not induced by conduct of the officers in the way of a custodial interrogation of defendant, in verbal form or otherwise. Counsel has shown commendable resourcefulness in making the point that the showing of the book to defendant was the equivalent of a custodial interrogation, but the failure to make such a contention on the trial strengthens our belief that the court was justified in its determination that it was a voluntary remark. It would be beyond the letter and the spirit of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, to hold that the trial court was in error in overruling defendant’s motion to exclude from the evidence the question asked by defendant.
The only other question raised by appellant is as to the action of the court in overruling a motion for the “Court to order the production of the federal rap sheet, that is, the FBI report on” the two confederates of defendant, one of whom was about to testify at the time the motion was made. Counsel for defendant informed the court that he needed the report “to effectively conduct my cross-examination and attempt to ask them questions as to whether or not they have been convicted of a crime involving moral turpitude.” Counsel for the State informed the court that he didn’t *495 have the documents and that “if there are other crimes on her record, I don’t know about it.” It was not contended that the State had the records, counsel for defendant stating, “Well, the District Attorney’s office can ask the FBI for her record.” A motion to produce must be timely presented. The trial court should not be put in error for denying a motion to produce that which would call for a delay in, or interruption of a trial, in order to determine whether a particular document exists or can be found. Powers v. State, 49 Ala.App. 690, 275 So.2d 369.
Our search of the record reveals no error prejudicial to defendant. The judgment appealed from should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288, of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court, and the judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.