SIMMONS, Retired Circuit Judge.
Appellant, a non-indigent here and at trial level, was indicted for and convicted of murder in the second degree. Punishment; ten years imprisonment.
After the jury was selected and excluded from the room, appellant’s counsel moved the court to require the State to furnish him “with a list of names of all their witnesses that the State might know of that have or possess information that would be favorable to the defendant, either in the impeachment of witnesses or have favorable testimony going to the merits of the case.”
Thereupon, the Deputy District Attorney replied:
“Your Honor, in response to that I would just say this is the day of trial and the trial has already been set and on December 16th it was passed at the request of the defense. At no time has any motion been filed before today. As far as any — I will be glad — . Mr. Coleman may look at the witness list; I am not going to hide anything and I will tell the Court the names of the witnesses we are going to call. Herbert Smith, Portia Ju-zang and Edna Lee Robinson. We are not going to call a witness by the name of Joe Miles because he is out of the city. Those are the only four eye witnesses that we know of.
*517 “THE COURT: All right, in view of the lateness of the motion and in view of this statement, I am going to — .
“MR. COLEMAN: Judge, may I take a showing?
“THE COURT: Yes, sir.
“MR. COLEMAN: The reason the motion comes so late is because I wanted to be sure we got down to the last minute. I didn’t know when or if ever he would become aware of any witnesses that would be beneficial to the defendant. He may have found out yesterday or he may have found out this morning. That is why it comes at this hour.
“THE COURT: Well, I am going-in view of the lateness of it, I am going to take that as a sufficient answer to your request. I deny for the record your motion. All right, get the jury out — .”
We have examined the record and fail to find that the State withheld or concealed any evidence that was favorable to defendant. Therefore, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, cited by appellant, has no application.
The only witness of the three who was favorable to defendant was his wife, Portia Juzang, who in essence testified that the shooting was an accident. All the witnesses used by the State were available to defendant.
The motion to produce was of a “scatter-gun” type and amounted to a mere “fishing expedition.” It lacked specificity. Johnson v. State, Ala.Cr.App., 335 So.2d 663(27); cert. den., Ala., 335 So.2d 678.
We said in Fuller v. State, Ala.Cr.App., 338 So.2d 492(2, 3) that a motion to produce should be timely presented. Quote, from Fuller, supra:
“ * * * The trial court should not be put in error for denying a motion to produce that which would call for a delay in, or interruption of a trial, in order to determine whether a particular document exists or can be found. Powers v. State, 49 Ala.App. 690, 275 So.2d 369.”
The Court did not err in overruling defendant’s motion, supra. We find no error in the record. The judgment is affirmed.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 3281); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.