TYSON, Judge.
Judge Ross, Jr., appeals from his conviction in circuit court for the offense of murder, for which he was sentenced to life imprisonment under the Alabama Habitual Felony Offender Act. The jury returned a verdict of “guilty as charged in the indictment.”
The appellant’s counsel raises three issues on appeal. The first of these deals with the charge to the jury by the trial judge. We have examined this record and deem this aspect of the record sufficient to address on appeal.
However, two other issues remain. The first of these is the appellant’s challenge to the composition of the jury venire under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Ex parte Jackson, 516 So.2d 768 (Ala.1986).
The third allegation is with reference to the alleged ineffective assistance of counsel at trial, pursuant to the opinion of the United States Supreme Court in Strickland, v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The appellant’s assertion of ineffective assistance of counsel is a two-pronged assertion. The first assertion is with reference to the fact that the appellant’s counsel did not properly or timely raise the issue of the racial composition of the jury venire and, secondly, that the appellant’s counsel did not properly prepare for trial, nor obtain the names of all witnesses in advance of trial.
The attorney general of Alabama has filed a motion in this court in his brief asserting that the record is insufficient for this court to address the latter two claims. Based upon our examination, we agree with the attorney general.
This cause is therefore remanded to the circuit court with instructions that counsel be present to represent this appellant and that a full evidentiary hearing be conducted with reference to the allegation of the racial composition of the jury venire and, also, the allegation with reference to the ineffective assistance of counsel. Evidence shall be taken by the trial court and written findings made by the trial judge following the conclusion of such hearing.
Due return shall then be prepared, including the evidence at the hearing and the trial court’s findings, based upon the allegations made. Should it be necessary for the petition to be amended, the trial court is instructed to allow an amendment to include such other allegations as may be necessary to fully develop the evidence.
Following the hearing hereinabove ordered, a return shall be filed in this court showing the trial court’s determination of these matters.
REMANDED WITH DIRECTIONS FOR HEARING.
All the Judges concur.