The issue presented by this petition is whether an appellant may raise a Batson[1] claim under the posture of an allegation of ineffective assistance of counsel. More than three months after he was sentenced, the defendant, Judge Ross, Jr., alleged in his untimely pro se motion for new trial *Page 496 
that his trial counsel had failed to adequately prepare for trial and had failed to challenge, under Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the prosecutor's use of peremptory strikes to strike "several" blacks from the jury venire. In his motion, Ross also challenged the trial court's charge to the jury.
On November 28, 1988, Ross was convicted in the Mobile Circuit Court of murder and on December 16, 1988, the trial court sentenced him under the Habitual Felony Offender Act to life imprisonment without the possibility of parole and appointed Barbara A. Brown as his counsel on appeal. Ms. Brown filed a written notice of appeal and on March 29, 1989, more than three months after he was sentenced, Ross filed a pro se
motion for new trial, making the aforementioned allegation of ineffective assistance of counsel. The trial court denied his motion, and Ross appealed. The Court of Criminal Appeals,581 So.2d 494, reversed the judgment and remanded the case for the trial court to hold a full evidentiary hearing with reference to Ross's allegation that a Batson violation occurred and also with regard to Ross's claim of ineffective assistance of counsel. We granted the State's petition for the writ of certiorari.
This Court has expressly held that "in order to preserve the issue for appellate review, a Batson objection, in a case in which the death penalty has not been imposed, must be made prior to the jury's being sworn." (Emphasis added.) Bell v.State, 535 So.2d 210, 212 (Ala. 1988); see Robinson v.Birmingham-Jefferson County Transit Authority, 555 So.2d 173
(Ala. 1989); McGruder v. State, 560 So.2d 1137, 1142
(Ala.Cr.App. 1989); Saffold v. State, 536 So.2d 970, 971
(Ala.Cr.App. 1988); and Williams v. State, 530 So.2d 881, 884
(Ala.Cr.App. 1988). In this case, Ross made no Batson objection until three months after he was sentenced, in an untimely motion for new trial. Thus, in light of our decision in Bell
and in those cases expressly adopting its holding, we must conclude that Ross did not properly preserve for appellate review the issue of the composition of the jury under Batson.
The issue then becomes whether Ross's untimely motion for new trial is sufficient to raise his claim of ineffective assistance of counsel. An appellate court's review on appeal is limited to matters seasonably raised in the trial court. "Even questions involving constitutional rights must be seasonably raised at the trial court level." Johnson v. State,480 So.2d 14, 17-18 (Ala.Crim.App. 1985); see Spradley v. State,414 So.2d 170, 172-73 (Ala.Cr.App. 1982); and Smoke v. State,347 So.2d 564 (Ala.Cr.App. 1977). Rule 24.1(b), Ala.R. Crim.P., states the following:
 "(b) Timeliness. A motion for new trial must be filed no later than thirty (30) days after sentence is pronounced. After a denial of a motion for a new trial, the previously filed notice of appeal shall be deemed to have been filed as of the date of the denial of the motion and shall include an appeal of the denial of the motion."
Ross delayed more than 90 days from his date of sentencing before filing his motion for new trial. The trial court has no jurisdiction to consider an issue raised in anuntimely motion for new trial. Ex parte Hayden, 531 So.2d 940,941 (Ala.Crim.App. 1988). A claim first presented in an untimely motion for new trial is not preserved for appellate review and may not be considered on appeal from the judgment of conviction. Ex parte O'Leary, 417 So.2d 232, 240 (Ala. 1982).
Thus, for purposes of Ross's appeal, both his claim underBatson and his claim of ineffective assistance of counsel are procedurally barred. In all but capital cases, alleged error in a criminal proceeding must be properly preserved before an appellate court will examine it; therefore, it is incumbent upon defense counsel to adequately preserve alleged errors in a proceeding by making an appropriate and timely objection.
Perhaps judicial time and energy could be conserved by remanding this case and requiring the trial court to hold a hearing, rather than leaving the defendant to file a *Page 497 
Rule 32, Ala.R.Crim.P. (Temp. Rule 20), petition at a later date. However, it is possible that Ross's issues may be barred completely, both now and upon a Rule 32 petition.
The Alabama Rules of Criminal Procedure are intended to "secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare." Rule 1.2, Ala.R.Crim.P. In drafting these rules, the Court's advisory committee recognized that "rules of law are difficult to administer unless they are set forth in a form which is intelligible to the officers who are to act under them and to all persons whose rights are affected by them and who are required to conform to them." (Emphasis added.) Committee Comments, Rule 1.2, Ala.R.Crim.P.
For the foregoing reasons, we hold that the trial court correctly denied the defendant's motion for new trial, because the trial court was without jurisdiction to consider it. Therefore, we reverse the Court of Criminal Appeals' ruling remanding the case to the trial court for an evidentiary hearing and we remand the case to the Court of Criminal Appeals for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.
ALMON, J., concurs in the result.
KENNEDY, J., dissents.
[1] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986), states:
"[P]urposeful racial discrimination in selection of the venire violates a defendant's right to equal protection because it denies him the protection that a trial by jury is intended to secure. The very idea of a jury is a body . . . composed of the peers or equals of the person whose rights it is selected or summoned to determine; that is, of his neighbors, fellows, associates, persons having the same legal status in society as that which he holds."476 U.S. at 86, 106 S.Ct. at 1717.