The appellant, Charles Randall Bush, was convicted of the offense of trafficking in a controlled substance, specifically cocaine, a violation of § 13A-12-231, Code of Alabama 1975. The appellant was sentenced, as a habitual felon with two prior felony convictions, to life imprisonment.
 I.
The appellant contends that the trial court's failure to rule on his motion to reweigh the controlled substance constitutes reversible error. In light of the unique facts of this case, we find no error in the trial court's action.
This appeal results from the appellant's second trial and his conviction for the offense of trafficking in cocaine. The appellant was originally convicted in January 1992 of the offenses of trafficking in cocaine and possession of a pistol, after having been convicted of a crime of violence. On appeal, we reversed the appellant's convictions because we found that the trial court erred in denying his Batson motion. Batson v.Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). See Bush v. State, 615 So.2d 137 (Ala.Crim.App. 1992). In that opinion, we also addressed an argument by the appellant that the trial court "erred in not allowing him to independently weigh, during trial, the cocaine that he was charged with trafficking." 615 So.2d at 141. We held:
 "To be guilty of trafficking in cocaine, one must be in possession of at least 28 grams of cocaine. § 13A-12-231, Code of Alabama 1975. Joseph Saloom, laboratory director of the Alabama Department of Forensic Sciences in Enterprise, Alabama, weighed the cocaine twice before trial. It weighed 28.1 grams the first time it was weighed and 28.16 grams the second time.
 "If the appellant questioned the weight of the cocaine in his possession, he should have requested an independent weighing before the trial began. There is no statute or case law that entitles a defendant to a weighing of a controlled substance during trial or in his presence. The appellant did not question the accuracy of the scales used to weigh the cocaine and at trial Mr. Saloom explained the process he used in weighing the cocaine. The court did not err in refusing the appellant's request for an independent weighing of the cocaine during trial."
615 So.2d at 141. (Emphasis added.)
In December 1994, more than two years after that opinion was released, the appellant filed a motion with the circuit court clerk, which he styled a "Motion to Re-Weigh the Alleged Controlled Substance," and which read, in pertinent part:
 "The defendant moves this Court to order the State of Alabama Department of Forensic Sciences Laboratory to reweigh the alleged controlled substance in the presence of the Defendant's Attorney, and as grounds thereof says as follows: *Page 440 
 "# 1: At the last trial the Defendant subpoenaed the Alabama Department of Forensic Sciences to bring their scales to Court for weighing. In response they reported that the scales were too sensitive to move from their facility.
 "# 2: That a real issue in controversy exists as to the weight of the alleged controlled substance. In light of previous testimony, the substance was weighed in plastic bags and not the substance alone, and the weight is so close as to prevent a charge of trafficking, as to allow the Defendant to be present at the re-weighing of the alleged controlled substance.
 "As support to this motion, the Defendant respectfully cites Blair v. State, 453 So.2d 1092
(1984), Korreckt v. State, 507 So.2d 558 (1986), and Ware v. State, 472 So.2d 447 (1985).
 "WHEREFORE, Defendant prays for an order requiring the reweighing of the alleged controlled substance in the presence of the Defendant's Attorney."
(C.R. 70-71.) The trial court did not rule on the appellant's motion before the second trial, and the record contains no indication that the appellant ever sought a ruling from the trial court on the motion before his second trial.
In January 1996, more than a year after the appellant's motion had been filed, the appellant's second trial began. A different judge presided over the appellant's second trial. Before the jury was struck, a discussion was held between the trial court and the parties concerning a motion to dismiss that the appellant had filed. The trial court denied the motion to dismiss and asked the attorneys to strike the jury. At that juncture, the prosecution mentioned that there might be additional motions to discuss. The appellant's counsel said nothing about the pending motion to reweigh the cocaine. The trial court asked the attorneys to strike the jury, and the trial began.
No mention was made of the appellant's pending motion to reweigh the cocaine until the state concluded its direct examination of Joseph Saloom, the forensic expert who had tested and had weighed the cocaine. Before the appellant's cross-examination of Saloom, the state made an oral motion in limine to preclude defense counsel from asking Saloom about the pending motion to reweigh the cocaine. In support of its motion in limine, the state argued that it anticipated that the appellant's counsel would ask Saloom to reweigh the cocaine, thereby forcing the state to object in front of the jury. The state maintained that it would prejudice the state's case for the appellant's counsel to imply to the jury that the state had prevented the appellant from having the cocaine reweighed. In response to an inquiry by the trial court, defense counsel indicated that he had planned on asking Saloom to reweigh the evidence, unless he was ordered not to do so by the trial court.
A lengthy discussion ensued about whether the trial court had been made aware of the appellant's motion to reweigh the cocaine during "docket call," on the day before the trial began. The state maintained that the appellant had had several opportunities to argue the pending motion, including during the docket call, but had intentionally declined to do so. Defense counsel countered that the trial court was not aware of the motion until he furnished the court with a copy the day before the trial, and noted that the motion was not one of the motions discussed on that day. Ultimately, the trial court granted the state's motion in limine, concluding that even if it had been made aware of the motion the day before trial began, "motions filed on Monday, the day of trial, are too late anyway." (R. 286.) The trial court's ruling on the state's motion in limine was, effectively, a denial of the appellant's motion to reweigh the cocaine.
We find no error in the trial court's denial of the appellant's motion to reweigh the cocaine. Even though the motion was filed months before the trial began, by the appellant's own admission, the trial court was not aware of the motion until the trial was underway. (Appellant's brief, pp. 10-11.) "This court has stated on several occasions that a trial court commits no error in denying a discovery motion made on the day of trial because 'the lateness of the motion would delay the trial' Daniels v. State, *Page 441 375 So.2d 523, 529 (Ala.Cr.App. 1979); Juzang v. State,348 So.2d 516 (Ala.Cr.App. 1977); Fuller v. State, 338 So.2d 492
(Ala.Cr.App. 1976)." Woods v. State, 593 So.2d 103, 107
(Ala.Crim.App. 1991). Furthermore, as this Court stated in its original opinion in this case, "There is no statute or case law that entitles a defendant to a weighing of a controlled substance during trial." Bush, 615 So.2d at 141. (Emphasis added.)
Additionally, we find no error in the trial court's failure to rule on the appellant's motion before the second trial. The appellant's motion was filed more than a year before his second trial began before a different trial judge, yet the record contains no indication that the appellant ever sought a ruling from the trial court on the motion before his second trial. " '[I]t is axiomatic that the trial court may not be put in error in the absence of any attempt to invoke a ruling of the court in the matters complained of.' " Molina v. State,533 So.2d 701, 713 (Ala.Cr.App. 1988), quoting Carter v. State,30 Ala. App. 251, 253, 4 So.2d 195 (1941).
Even assuming arguendo that the trial court erred in not ruling on the appellant's motion before the second trial, the error would still not warrant reversal, because it was invited by the appellant.
 "[A] party cannot allege as error proceedings in the trial court that were invited by him or were a natural consequence of his own action. . . . A defendant cannot invite error by his conduct and later profit by the error."
Fountain v. State, 586 So.2d 277, 282 (Ala.Cr.App. 1991). (Citations omitted; emphasis added.)
The appellant also intimates in his brief to this court that the trial court's failure to rule on his motion before trial precluded his obtaining a sample of the cocaine in order to have it independently weighed and tested. (Appellant's brief, pp. 11, 12.) This issue is not properly before this Court because it is raised for the first time on appeal. Ross v.State, 581 So.2d 495, 496 (Ala. 1991). Even so, the record does not support the appellant's argument. In January 1990, before the appellant's first trial, the appellant filed a motion requesting a sample of the cocaine for independent testing and analysis. (C.R. 39-40.) The motion was granted by the trial court in February 1990. (C.R. 147.)
 II.
In a somewhat confusing argument, the appellant maintains that the trial court erred to reversal in its jury charge on the lesser included offense of possession of cocaine. We disagree.
The court charged the jury, in pertinent part:
 "Now, the defendant has entered a plea of not guilty, and is simply stating to you that he is not guilty of the charges contained in the indictment or the lesser included offense, which I will go into later."
(R. 338-39.) (Emphasis added.) The trial court subsequently charged the jury on the lesser included offense of possession of cocaine, at the appellant's request.
At the conclusion of the court's charge, the appellant objected to the court's charging the jury that he had entered a plea of not guilty as to the lesser included offense of possession of cocaine. Defense counsel argued, in pertinent part:
 "What we submit is, is that we didn't enter a plea of not guilty to any lesser included charge. We can only enter a plea at that time to the charge in the indictment. And to tell them that is misleading them, because it's prejudicial to us in this case. Because I have very honestly told the jury that we are guilty of possession."
(R. 366.) The trial court agreed, and indicated that it would clarify its charge. A lengthy discussion followed.
The state objected to the trial court's recharging the jury that the appellant pleaded not guilty only to the charge contained in the indictment — i.e., trafficking in cocaine. The thrust of the state's objection was that recharging the jury that the appellant pleaded not guilty only to the charged offense would imply to the jury that the appellant had admitted guilt as to the lesser included offense — especially in light of the fact that defense counsel apparently had suggested as much in his closing argument. The state *Page 442 
expressed concern that such a charge would invite a post-conviction petition alleging ineffective assistance of counsel. Thus, the state argued, if the trial court decided to charge the jury as the appellant's counsel requested, then the appellant needed to state, under oath and for the record, that he agreed with his counsel's requested clarification to the court's charge.
The appellant's counsel objected to the state's suggestion, arguing that the state was essentially asking the appellant to implicate himself. The appellant's counsel maintained that the appellant was making no representation as to guilt or innocence as to the lesser included charge; rather, he argued that the appellant simply wanted the fact that he had not entered a not-guilty plea to the lesser included offense clarified.
The trial court expressed concern that if it were to re-charge the jury as the appellant's counsel requested, then it would, in essence, be implying that the appellant was guilty of the lesser included offense of possession of cocaine. Accordingly, the trial court was reluctant to charge the jury as requested, without first determining the appellant's position on the requested charge. The appellant's counsel would not allow his client to indicate his position on the requested charge.
The trial court declined to recharge the jury. The jury found the appellant guilty of trafficking in cocaine — the offense charged in the indictment.
On appeal, the appellant argues that "a correct jury instruction should not be conditioned on a criminal defendant having to involuntarily give up one's individual constitutional right." (Appellant's brief, p. 15.) We need not reach the merits of his assertion because any error in the trial court's refusal to recharge the jury as requested on the lesser included offense was harmless, because the jury found the appellant guilty of the charged offense of trafficking in cocaine. "An error in a court's oral charge as to one offense is harmless where the defendant is not convicted of that offense." Deutcsh v. State, 610 So.2d 1212, 1221 (Ala.Cr.App. 1992). See also Rule 45, Ala.R.App.P.
 III.
The appellant contends that the "trial court erred by denying [him] a hearing on a constitutional double jeopardy issue in [his] Motion to Dismiss." (Appellant's brief, p. 16.)
The record reflects that around January 18, 1996 — just a few days before the start of the appellant's second trial — the appellant filed a motion to dismiss the indictment. (C.R. 73-114.) In support of his motion, the appellant alleged that after his arrest, a civil forfeiture proceeding was instigated and some of his property was subsequently forfeited. The appellant argued that because the civil forfeiture proceedings arose out of the same conduct that was the basis for the criminal prosecution, the "criminal prosecution and any punishment after settlement of [the] civil forfeiture proceedings clearly violates the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution." (C.R. 73.) The appellant attached a verified complaint for forfeiture in rem,[1] two notices of seizure, and several cases in support of his motion to dismiss.
After voir dire examination, and before striking the jury, a discussion ensued regarding the appellant's motion to dismiss. The appellant indicated to the trial court that he had filed a motion to dismiss on the basis that the criminal prosecution violated the protections against Double Jeopardy. The state argued that the trial court should not entertain the motion because it was not filed prior to arraignment and was therefore, it claimed, untimely.[2] The state also noted that the appellant had had ample opportunity to argue the motion before the commencement of the second trial. *Page 443 
A lengthy discussion followed regarding the timeliness of the motion. The trial court subsequently denied the motion to dismiss on procedural grounds, apparently finding that the appellant's motion was untimely because it was not filed at or before arraignment. The appellant objected to the denial of the motion to dismiss, arguing that his double jeopardy claim was a constitutional claim that could not be waived.
The issue before this court is whether the trial court erred in holding that the appellant's motion to dismiss was untimely, and therefore due to be denied without a hearing on the merits.
"The general rule is that the defense of double jeopardy should be raised by pre-trial motion at or before arraignment."Tidwell v. State, 642 So.2d 716, 716 (Ala.Cr.App. 1994). See Rule 15.2(a) and 15.3(a), Ala. R.Crim.P. "However, this rule should apply only if the double jeopardy claim is viable prior to trial." Rolling v. State, 673 So.2d 812, 815 (Ala.Cr.App. 1995). See, also, Sales v. State, 460 So.2d 1255 (Ala.Cr.App. 1984); Rule 15.2(b), Ala.R.Crim.P. ("The pre-trial motion shall include all objections and defenses then available to the defendant.") (emphasis added).
In the present case, it is undisputed that the appellant did not file his motion to dismiss before or at his January 1990 arraignment; rather, the appellant's motion was not filed until a few days before his second trial began — six years after his arraignment. Clearly, the appellant did not comply with Rule 15.3, Ala.R.Crim.P. However, because of the procedural history of this case, we are not convinced that the appellant's motion was untimely simply because he did not file the motion before his arraignment. If the appellant's double jeopardy claim was not viable until after his arraignment, then the claim is not waived if it was not raised prior to or at arraignment. However, the record is unclear as to exactly when the forfeiture proceedings were instigated against the appellant, exactly when the judgment of forfeiture was entered against the appellant, whether the forfeiture proceedings were federal and/or state proceedings, exactly what property was forfeited, or why the appellant waited so long to assert a double jeopardy claim.[3] It even appears that there may have been more than one forfeiture proceeding against the appellant.[4] What is clear, however, is that the appellant was aware, or should have been aware, of his potential double jeopardy claim long before the start of his second trial.[5]
" 'This Court cannot predicate error on matters not shown by the record, nor can we presume error from a silent record.' "Stegall v. State, 628 So.2d 1006, 1009 (Ala.Cr.App. 1993), quoting Owens v. State, 597 So.2d 734, 736 (Ala.Cr.App. 1992). Although the trial court may have erred in denying the motion on the procedural ground that it was not filed at or before arraignment, there is simply not enough information in the record to conclude that the trial court erred in dismissing the motion as untimely. " ' "If a court's ruling is correct for any reason, it will not be reversed because the court assigned the wrong reason therefor." ' " Hoobler v. State, 668 So.2d 905,908-909 (Ala.Cr.App. 1995), quoting Ex parte Williams,571 So.2d 987, 988 (Ala. 1990).
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED. *Page 444 
LONG, P.J., and McMILLAN, J., concur.
COBB and BASCHAB, JJ., concur in the result only.
[1] The verified complaint for forfeiture in rem appears to pertain to property used in the commission of a drug offense in January 1991 — more than a year after the commission of the crime in this case. (C.R. 77.)
[2] In late January 1990, the appellant entered a plea of not guilty and waived arraignment. (C.R. 17.) Although the appellant obtained the trial court's permission to file certain pretrial motions at a later date, the motion to dismiss was not one of those motions. (C.R. 147.)
[3] As best we can discern, the United States Department of Justice, through the Drug Enforcement Administration, seized the appellant's 1986 Chevrolet Corvette automobile and $1,437.34 in jewelry on December 21, 1989 — the same day the offense occurred. (C.R. 82-85.) The two notices of seizure contained in the record, which indicated that forfeiture proceedings were underway, were issued in March 1990. There is an indication that state forfeiture proceedings were also instigated against the appellant. On January 31, 1990, the appellant filed a motion for an order directing the State of Alabama to return seized property on the ground that the state had not complied with § 20-2-93(c), Code of Alabama 1975. (C.R. 37.)
[4] Apparently, before the appellant's first trial began in 1992, he was again arrested for another drug-related offense, which also resulted in the instigation of forfeiture proceedings. (C.R. 75-81.)
[5] The appellant's counsel told the trial court that judgments of forfeiture were entered sometime before the appellant's conviction in the first trial. (R. 70.)