BOLIN, Justice.
 

 James Henry Borden, Jr., was convicted of capital murder for intentionally causing the death of Nellie Ledbetter after he had been convicted of another murder within the 20 years before that offense. See § 13A-5-40(a)(13), Ala.Code 1975. The jury, by a vote of 10 to 2, recommended a sentence of death, and the trial court accepted the jury’s recommendation and sentenced Borden to death by electrocution. The Court of Criminal Appeals affirmed his conviction and sentence.
 
 Borden v. State,
 
 769 So.2d 935 (Ala.Crim.App.1997). This Court affirmed the Court of Criminal Appeals’ decision,
 
 Ex parte Borden,
 
 769 So.2d 950 (Ala.2000), and the United States Supreme Court denied certiorari review.
 
 Borden v. Alabama,
 
 531 U.S. 961, 121 S.Ct. 389, 148 L.Ed.2d 299 (2000).
 

 On October 18, 2001, Borden timely filed a Rule 32, Ala. R.Crim. P., petition for postconviction relief, challenging his conviction and sentence of death. Among other things, Borden argued that he should not be executed because, he alleged, he is mentally retarded, death by electrocution violates the prohibition in the Eighth Amendment to the United States Constitution against cruel and unusual punishment, his trial counsel did not render reasonably effective legal representation, and the jury-engaged in misconduct. The State filed its initial response and supporting affidavits. On July 17, 2002, the State filed a motion for leave to amend its answer, included additional affidavits, and also filed a motion to dismiss. On June 20, 2002, the United States Supreme Court released its decision in
 
 Atkins v. Virginia,
 
 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d '335 (2002), holding that the execution of mentally retarded capital offenders violates the prohibition against cruel and unusual punishment in the Eighth Amendment to the United States Constitution. On July 1, 2002, the Alabama Legislature modified Alabama law to provide for execution of capital offenders by lethal injection unless a death-row inmate elects electrocution as a means of execution. Subsequently, the trial court allowed the State to amend its response to reflect those two developments in the law. On August 21, 2002, Borden filed a response to the State’s motion to dismiss and a motion to vacate his death sentence, in which he set out specific facts supporting his claim that he is mentally retarded and thereby ineligible for the
 
 *942
 
 death sentence. He also filed a motion to amend his Rule 32 petition setting out, among other things, in more detail his argument regarding his claims of juror misconduct. The trial court summarily dismissed Borden’s petition, without ruling on Borden’s motion to amend.
 

 Borden appealed, and the Court of Criminal Appeals remanded the case for the trial court to make specific findings of fact as to Borden’s claim that he is mentally retarded and therefore could not be sentenced to death as a matter of law.
 
 Borden v. State,
 
 60 So.3d 935 (Ala.Crim.App.2004). The trial court then found that Borden was mentally retarded. On return to remand, the Court of Criminal Appeals again remanded the case to the trial court for Borden to be sentenced to life imprisonment without the possibility of parole.
 
 Borden v. State,
 
 60 So.3d 935, 937 (Ala.Crim.App.2004) (opinion on return to remand). The trial court sentenced Borden to life imprisonment without the possibility of parole.
 

 On the return to the second remand, the Court of Criminal Appeals in an unpublished memorandum issued on August 19, 2005, dismissed the remainder of Borden’s Rule 32 claims. We granted certiorari review to address the following two issues: (1) Whether, in its unpublished memorandum, the Court of Criminal Appeals correctly held that Borden failed to comply with Rule 28(a)(10), Ala. RApp. P., and thereby waived his ineffective-assistance-of-counsel claims, and (2) whether the Court of Criminal Appeals correctly held that Borden failed to preserve for appellate review his juror-misconduct claims.
 

 Were Ineffective-Assistance-of-Counsel Claims Waived?
 

 The trial court summarily dismissed Borden’s Rule 32, Ala. R.Crim. P., petition, which included his claims of ineffective assistance of counsel. The Court of Criminal Appeals concluded that Borden waived the issue of ineffective assistance of counsel on appeal by failing to comply with Rule 28(a)(10), Ala. R.App. P. The Court of Criminal Appeals’ unpublished memorandum of August 19, 2005, states, in pertinent part:
 

 “In Part 11(A) of his brief, Borden contends that the circuit court erred in summarily dismissing his claim that trial counsel were ineffective at the guilt and penalty phases of trial.
 
 [2]
 
 Because Borden has been resentenced to life imprisonment without the possibility of parole, his claims of ineffective penalty-phase representation are moot. His claims of ineffective guilt-phase representation are waived on appeal because his argument does not comply with the requirements of the Alabama Rules of Appellate Procedure.
 

 “Rule 28(a)(10), Ala. R.App. P., requires the argument section of an appellant’s brief to set out ‘the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on.’ Borden’s argument consists of a single paragraph of general propositions of law; a lengthy recitation of the facts of his life and the facts of the offense; and an eleven-page list of ineffective-assistance-of-counsel allegations. The list of claims is unsupported by legal authority, and it is almost entirely devoid of citations to the record.
 

 “ ‘This type of “scattergun” approach to appellate argument is forbidden by Rule 28(a)[ (10) ], Ala. RApp. P.’
 
 Hamm v. State,
 
 913 So.2d 460, 490-91 (Ala.Crim.App.2002). ‘Recitation of allegations without citation to any legal authority and without adequate recitation of the facts relied upon has been deemed a waiver of the arguments listed.’
 
 *943
 

 Hamm,
 
 913 So.2d at 491, citing
 
 Gay v. State,
 
 562 So.2d 283, 289 (Ala.Crim.App.1990). ‘By failing to include any citation to the record on this issue, [the appellant] has failed to comply with Rule 28(a)(10), Ala. R.App. P., and has waived this claim for purposes of appellate review.’
 
 Hart v. State,
 
 852 So.2d 839, 848 (Ala.Crim.App.2002).
 

 “In Part 11(B) of his petition, Borden contends that the trial court erred in summarily dismissing his ineffective-counsel claim for the following reasons: (1) His petition clearly exceeded .the specificity requirements of Rule 32.2(b), Ala. R.Crim. P.; (2) the affidavits submitted by his counsel created an issue of fact, and the court’s reliance on them to summarily dismiss his petition was improper; (3) the court was wrong to refuse to consider parts of his claim; (4) the court improperly dismissed his claim without permitting him to obtain discovery to prove the merits of his claim; and (5) the trial court improperly adopted the State’s proposed order ‘without scrutiny or modification.’
 

 “The first four arguments fail to state a claim for relief because they address the same ineffective-counsel claims that are not properly before this court for review. This court is not required to review arguments which fail to meet the requirements of Rule 28(a).
 
 Hallford v. State,
 
 629 So.2d 6 (Ala.Crim.App.1992). Borden’s fifth argument must fail because this court does not find error simply because the trial court has adopted an order proposed by the State.
 

 “ ‘While the practice of adopting a State’s proposed findings of fact and conclusions of law is subject to criticism, the general rule is that even when the court adopts findings and conclusions verbatim, the findings are those of the court and may be reversed only if clearly erroneous.’
 
 Wood v. State,
 
 891 So.2d 398, 420 (Ala.Crim.App.2003). Here, the order of dismissal specifically stated that ‘[t]he Court further has reviewed the record and the supporting affidavits and finds that the State’s proposed order submitted herein accurately reflects the findings and conclusions of the Court.’ The record fully supports the findings and conclusions of the court.
 
 [3]
 

 The purpose of Rule 28, Ala. R.App. P., outlining the requirements for appellate briefs, is to conserve the time and energy of the appellate court and to advise the opposing party of the points he or she is obligated to make.
 
 United States v. Levy,
 
 391 F.3d 1327 (11th Cir.2004) (discussing the rule that issues not briefed are waived and Rule 28, Fed. R.App. P., which sets out the requirements for appellate briefs in the federal courts). Rule 28(a)(10), Ala. R.App. P., provides that the argument section of the appellant’s brief shall set out “the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on.” Additionally, “ ‘[i]t is not the function of this Court to do a party’s legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.’ ”
 
 Butler v. Town of Argo,
 
 871 So.2d 1, 20 (Ala.2003) (quoting
 
 Dykes v. Lane Trucking, Inc.,
 
 652 So.2d 248, 251 (Ala.1994)).
 

 
 *944
 
 Borden argues that the Court of Criminal Appeals erred in holding that his brief failed to comply, with Rule 28(a)(10), Ala. R.App. P. Borden’s brief to the Court of Criminal Appeals regarding his ineffective-assistance-of-counsel claims included 22 pages of facts addressing why the trial court erred in summarily dismissing the ineffective-assistance-of-counsel claims in his Rule 32 petition. Borden’s brief included 11 pages of argument regarding ineffective assistance of counsel, including some 25 citations to caselaw, along with explanations and quotations from the cited cases. Although another attorney may have treated the ineffective-assistance-of-counsel argument differently, Borden’s brief is sufficient to apprise the Court of Criminal Appeals of Borden’s contentions with regard to his ineffective-assistance-of-counsel claims. Accordingly, Borden did not fail to comply with the Rule 28(a)(10) and therefore did not waive his claims of ineffective assistance of counsel.
 

 We note that waiver of an argument for failure to comply with Rule 28(a)(10), Ala. R.App. P., has been limited to those cases where there is no argument presented in the brief and there are few, if any, citations to relevant legal authority, resulting in an argument consisting of undelineated general propositions. See
 
 Jimmy Day Plumbing & Heating, Inc. v. Smith,
 
 964 So.2d 1 (Ala.2007) (appellant’s argument was insufficient to invoke review of the allegedly excessive compensatory-damages award to plaintifl/appellee in a personal-injury action where the appellant’s three-sentence argument cited only a single case in support of a general proposition of law and offered no discussion of the nature and extent of the plaintiffs injuries);
 
 Davis v. Sterne, Agee & Leach, Inc.,
 
 965 So.2d 1076 (Ala.2007)(appellant’s lone citation to a general principle of law without specific relevance to her action against financial services company was insufficient to meet the requirements of Rule 28(a)(10) to cite relevant authority in support of arguments);
 
 Hall v. Hall,
 
 903 So.2d 78 (Ala.2004) (the appellant cited no authority
 
 for
 
 the proposition that the checking account should have been included as an asset of the estate and presented no argurri'erit and cited no authority to support his conclusion that the ore tenus rule did not require an affirmance on this issue); and
 
 Ex parte Gonzalez,
 
 686 So.2d 204 (Ala.1996) (petitioner did not show a clear legal right to having capital-murder indictment quashed on the ground that the district attorney testified as a witness in front of the grand jury when the petitioner cited only a federal district court case that was not binding authority and that was distinguishable).
 
 [1]
 

 Were Borden’s Juror-Misconduct Claims Preserved for Appellate Review?
 

 Borden alleged juror misconduct in his Rule 32 petition filed on October 18, 2001. On August 21, 2002, Borden filed a motion for leave to amend his Rule 32 petition, specifically to add more details in support of his juror-misconduct claims. The trial court did not rule on Borden’s motion for leave to amend his Rule 32 petition.
 

 On March 14, 2003, the trial court entered its final order dismissing Borden’s Rule 32 petition. With regard to Borden’s juror-misconduct claims, the trial court stated:
 

 “In his claim, Borden asserts error because, he alleges, his ‘right to a fair and impartial jury was violated due to several jurors’ failure to respond truth
 
 *945
 
 fully to multiple questions on voir dire.’ (Borden’s Rule 32 pet. pp. 76-77.) The members of the jury were dismissed from serving on the jury on December 1, 1994, after recommending that Borden be sentenced to death. (C.R. 4, R. 1175-1177.) The hearing on Borden’s motion for a new trial was conducted on, or about, June 22, 1995. (SR. 2.) Thus, Borden, or his counsel, had more than six months to interview members of the jury to discover whether anyone on the jury failed to respond truthfully to any questions during voir dire. As such, Borden could have, but did not, raise this claim at trial or on direct appeal. This claim is, therefore, summarily dismissed pursuant to Rule 32.7(d), A.R. Cr. P., because it is procedurally barred. Rule 32.2(a)(3), (5), A.R. Cr. P.
 

 [[Image here]]
 

 “In his claim, Borden asserts error because, he alleges, the jury considered extraneous evidence during its deliberation. (Borden’s Rule 32 pet., pp. 77-78.) The members of the jury were dismissed from serving on the jury on December 1, 1994, after recommending that Borden be sentenced to death. (CR. 4, R. 1175-1177.) The hearing on Borden’s motion for new trial was conducted on, or about, June 22, 1995. (SR. 2.) Thus, Borden, or his counsel, had more than six months to interview members of the jury to discover whether anyone on the jury considered extraneous evidence during deliberations. As such, Borden could have, but did not, raise this claim at trial or on direct appeal. This claim is, therefore, summarily dismissed pursuant to Rule 32.7(d), A.R. Cr. P., because it is procedurally barred. Rule 32.2(a)(3), (5), A.R. Cr. P.”
 

 The trial court did not address Borden’s amended petition in which he set out specific facts regarding the two claims of juror misconduct. On April 4, 2003, Borden filed a “motion for reconsideration.” In that motion, Borden stated that the trial court in its March 14, 2003, order failed to take into account any of the facts alleged in his amended Rule 32 petition.
 

 The Court of Criminal Appeals concluded that Borden had failed to preserve the issue of juror misconduct for appellate review. That court’s unpublished memorandum states:
 

 “The appellant contends that he was denied his right to a fair trial by virtue of several jurors’ failure to disclose information and the jury’s consideration of extraneous evidence. He argues, citing
 
 Ex parte Pierce,
 
 851 So.2d 606 (Ala.2000), and
 
 Ex parte Dobyne,
 
 805 So.2d 763 (Ala.2001), that the trial court erred in finding that these claims were procedurally defaulted under Rule 32.2(a)(3) and (5), Ala. R.Crim. P.
 

 “In his original petition, Borden asserted that ‘several’ jurors failed to respond truthfully to ‘multiple ... critical questions’ during voir dire.
 
 [4]
 
 He also asserted that unidentified ‘extraneous information’ was introduced into the jury deliberations.
 
 [5]
 
 In addition to pleading that these claims were precluded under Rule 32.2(a)(3) and (5), the State specifically pleaded that the claims were insufficient under Rule 32.6(b). Rule 32.6(b), Ala. R.Crim. P., provides:
 

 “ ‘The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.’
 

 “In his August 22, 2002, motion to amend his petition, Borden attempted to add the necessary factual basis for his juror-misconduct claims. However, in its order dismissing Borden’s petition,
 
 *946
 
 the circuit court did not address the requested amendments,
 
 [6]
 
 and Borden did not object to the court’s failure to rule. Therefore, these matters are not properly before this court on appeal. Appellate review is limited to rulings invoked on the trial level.
 
 Cross v. State,
 
 536 So.2d 155 (Ala.Crim.App.1988). ‘[T]he trial court may not be put in error in the absence of any attempt to invoke a ruling of the court in the matters complained of.’
 
 Bush v. State,
 
 717 So.2d 438, 441 (Ala.Crim.App.1998) (citations omitted).
 

 It is well settled that an appellate court’s review is limited to matters seasonably raised in the trial court.
 
 Ross v. State,
 
 581 So.2d 495 (Ala.1991). “The trial court may not be put in error for failure to rule on a matter which was not presented to it or decided by it.”
 
 City of Rainbow City v. Ramsey,
 
 417 So.2d 172, 174 (Ala.1982). “[I]t is familiar law that an adverse ruling below is a prerequisite to appellate review. We generally cannot consider arguments raised for the first time on appeal.”
 
 CSX Tramp., Inc. v. Day,
 
 613 So.2d 883, 884 (Ala.1993). However, the Court of Criminal Appeals’ reliance on this well settled principle is misplaced in the present case; there is an adverse ruling from the trial court regarding Borden’s juror-misconduct claims.
 

 The trial court clearly ruled that both of Borden’s juror-misconduct claims were procedurally barred by Rule 32.2(a)(3) and (a)(5), Ala. R.Crim. P. Rule 32(a)(3) provides that ⅛ petitioner is precluded from postconviction relief if the ground the petitioner asserts as a basis for relief could have been, but was not,' raised at trial, and Rule 32(a)(5) bars postconviction relief if the ground could have been, but was not, raised on appeal. Borden’s brief to the Court of Criminal Appeals addresses the trial court’s application of Rule 32(a)(3) and (a)(5) to his claims of juror misconduct.
 
 [2]
 
 Accordingly, there is an adverse ruling regarding Borden’s juror-misconduct claims for the Court of Criminal Appeals to review.
 

 ' Further, the Court of Criminal Appeals’ holding that appellate review of Borden’s juror-misconduct claims is barred because Borden failed to obtain a ruling from the trial court on his motion to amend his Rule 32 petition appears to conflict with this Court’s decision in
 
 Ex parte Rhone,
 
 900 So.2d 455 (Ala.2004). In
 
 Rhone,
 
 the defendant sought postconviction relief pursuant to Rule 32, Ala. R.Crim. P., from his capital-murder conviction and his sentence of life imprisonment without the possibility of parole. As grounds for relief, the defendant alleged that he had been denied the effective assistance of counsel in several respects at trial and on appeal. He subsequently filed a motion to amend his Rule 32 petition. The amended petition presented 10 additional grounds to support his ineffective-assistance-of-counsel claims. The trial court entered no ruling on the defendant’s motion to amend. The State filed a response, addressing only the alle
 
 *947
 
 gations asserted in the original petition. The trial court entered a written order denying the petition; that order did not address the claims asserted in the proposed amendment. The Court of Criminal Appeals affirmed the trial court’s judgment, holding that the trial court had not exceeded its discretion in failing to address the claims in the defendant’s amended petition because, it reasoned, the defendant “failed to meet his initial burden of showing diligence in filing the amendment or that the facts underlying the amendment were unknown to him before filing his original petition.”
 
 Rhone v. State,
 
 900 So.2d 448, 448 (Ala.Crim.App.2004).
 

 This Court in
 
 Ex parte Rhone
 
 held that the Court of Criminal Appeals had erred in imposing upon a Rule 32 petitioner an initial burden to show that he had been diligent in filing an amendment or that the facts underlying the amendment were unknown when the original petition was filed. The defendant is entitled to amend his petition for postconviction relief to assert additional claims of ineffective assistance of counsel when the amendment is necessary for a full determination on the merits and there would be no undue delay in the hearing because of the amendment or undue prejudice to the State by the filing of the amendment. In the present case, the Court of Criminal Appeals’ unpublished memorandum places a burden on Borden to secure a ruling on his proposed amendment to his Rule 32 petition when the amendment should be freely allowed if it is necessary for a full determination on the merits and if the amendment does not unduly prejudice the opposing party or unduly delay the hearing.
 

 Conclusion
 

 We conclude that Borden did not fail to comply with Rule 28(a)(10) Ala. R.App. P., and, thus, that he did not waive his ineffee-tive-assistance-of-counsel claims. We also conclude that Borden’s juror-misconduct claims were preserved for appellate review. Accordingly, we reverse the judgment of the Court of Criminal Appeals and remand the case to that court for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 SEE, LYONS, WOODALL, STUART, SMITH, and MURDOCK, JJ., concur.
 

 PARKER, J., concurs in the result.
 

 COBB, C.J., recuses herself.
 

 [2]
 

 "2 Issues I and II in Borden’s Rule 32 petition.
 

 [3]
 

 "3 The court erred in finding one of Borden's claims [ineffective counsel resulting from inadequate compensation] procedurally barred under Rule 32.2(a)(3) and (5), Ala. R.Crim. P. However, the court properly found that this claim also was barred under Rules 32.6(b) and 32.7(d). When the circuit court’s denial of a Rule 32 petition is correct for any reason, it will be affirmed by this court on appeal.
 
 Long v. State, 675
 
 So.2d 532 (Ala.Crim.App.1996).”
 

 [1]
 

 . At least three members of the Court of Criminal Appeals have questioned the scope and application of Rule 28, Ala. R.App. P.
 
 L.J.K. v. State,
 
 942 So.2d 854, 869 and 871 (Ala.Crim.App.2005)(Shaw, J., concurring specially, and Baschab, J., concurring in the result, with Cobb, J., joining).
 

 [4]
 

 "4 Issue
 
 VII in the Rule 32 petition.
 

 [5]
 

 "5 Issue VIII in the Rule 32 petition.
 

 [6]
 

 "6 The State erroneously states in its appellate brief that 'the trial court accepted Borden’s amendments to both of the other claims he sought to amend.1 The court’s order of dismissal addresses the two claims as they were set out in the original petition, and it does not address Borden’s requested new claim.”
 

 [2]
 

 . The Court of Criminal Appeals' unpublished memorandum indicates that the trial court could have dismissed Borden's Rule 32 peti- ' tion on the grounds of lack of specificity under Rule 32.6(b), Ala. R.Crim. P. However, the trial court did not dismiss Borden’s argument regarding juror misconduct for lack of specificity. Furthermore, there is a question as to whether the State adequately asserted a lack of specificity.