INGRAM, Judge.
After an ore tenus hearing, the trial court divorced the parties and ordered the husband to pay the wife $50,000 over the next five years.
The wife appeals, contending that the alimony in gross award was inequitable and an abuse of the trial court’s discretion.
At the outset, we note that it is well established that an award of alimony is within the discretion of the trial court and will not be disturbed on appeal except where such discretion was plainly and palpably abused. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986).
Moreover, where the trial court hears the evidence, as in the instant appeal, the judgment appealed from is presumed correct on appeal. The judgment cannot be altered on appeal unless the trial court’s decision was palpably wrong. Sayles v. Sayles, 495 So.2d 1131 (Ala.Civ.App.1986).
The record reveals that the wife left the marital home after thirty-four (34) years of marriage. The wife testified that she had had an affair with her husband’s brother-in-law some years ago, but that her husband forgave her. The wife also testified that, subsequent to leaving the family home but prior to obtaining a divorce, she *1079 became romantically involved with another man.
The record further reveals that the wife is fifty-four years old and that she has no physical, mental, or emotional problems that would prevent her from being gainfully employed. The wife also testified that her health is good and that she is able to work every day. Presently, the wife is gainfully employed and has an annual income of approximately $8,700. Additionally, the wife has a retirement plan with her employer.
There was testimony considered by the trial court that shows that the jointly-held home of the parties is worth approximately $85,000 to $90,000; the family business is worth $100,000, but subject to a $40,000 mortgage; that the husband’s certificate of deposit is $60,000 and his IRA is $8,500. The husband’s taxable income, however, did not exceed $6,000 for any year from 1983 through 1985. His accountant estimated no “drastic change” in this amount for the year 1986.
After a careful review of the record, we find that the evidence presented to the trial court was such that it could reasonably conclude that the wife’s conduct contributed to the breakdown of the marriage. Such conduct may properly be considered by the trial court in awarding alimony in gross to the wife. Coby v. Coby, 489 So.2d 597 (Ala.Civ.App.1986). We note that award of alimony in gross is a matter within the sound discretion of the trial court and exercise of that discretion will not be overturned except for gross abuse. McCrary v. McCrary, 448 So.2d 371 (Ala.Civ.App.1984). No mathematical formula may be applied in these matters, as each case stands upon its own peculiar and unique facts. Brand v. Brand, 444 So.2d 866 (Ala.Civ.App.1984).
We further note that, though the judgment of the trial court might differ from a judgment from this court, such is not the basis for reversal. Tate v. Tate, 477 So.2d 426 (Ala.Civ.App.1985). We say to the wife that the matter of which she complains was subject to the sound discretion of the trial court, which heard the evidence and saw the witnesses.
Therefore, in view of the above, we find that the trial court did not err in its award to the wife.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.