RUSSELL, Judge.
This is a divorce case.
Following an ore tenus hearing, the parties were divorced by the Circuit Court of Montgomery County on August 23, 1989. Pursuant to that decree the husband was ordered to pay the wife $3,500 as alimony in gross and $700 per month as periodic alimony. The wife was also awarded an attorney’s fee in the amount of $2,225.
The husband appeals. We affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in determining such awards. The law is well settled that an award of alimony is a matter “within the sound discretion of the trial judge who will not be reversed absent a plain and palpable abuse of that discretion.” Hinds v. Hinds, 415 So.2d 1122, 1125 (Ala.Civ.App.1982). That case als_o set forth various factors which the trial court may consider in assessing the amount *777 of alimony to be awarded, including the financial circumstances of the parties; the length of the marriage; the parties’ future prospects; and, where appropriate, the respective fault of the parties. Id. at 1126. Additionally, in a divorce case in which the evidence is presented ore tenus, the judgment of the trial court is presumed to be correct and will not be set aside unless it is plainly and palpably wrong or unjust. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986).
We find that a detailed summary of the facts would add little or nothing to the vast case law addressing this same subject. Suffice it to say that, considering the husband’s annual income of approximately $52,000, compared to the wife’s total income of approximately $13,560, we cannot conclude that the $3,500 award of alimony in gross and the $700 per month grant of periodic alimony were an abuse of the trial court’s discretion. Furthermore, we note that there is evidence to support a conclusion that the husband was at “fault” in causing the breakdown of the parties’ twenty-two year marriage.
Consequently, this case is due to be affirmed. The wife’s request for attorney’s fees in defense of this appeal is granted in the amount of $500.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.