Thomas H. Figures (husband) and Janice F. Figures (wife) were married in January 1987. In August 1991, the wife filed a complaint in the Circuit Court of Mobile County, alleging as grounds for divorce incompatibility of temperament and physical violence by the husband. The wife sought, inter alia, an equitable division of proceeds from the sale of the homeplace, an award of alimony in gross, and a reasonable attorney's fee. The husband answered and filed a counterclaim for divorce, wherein he alleged abandonment by the wife as grounds for such relief.
On the day of trial the husband filed a motion with the trial court seeking to have *Page 190 
the trial judge rescue himself from the case. This motion was denied by the judge at the commencement of the trial.
Following an ore tenus proceeding, the trial court entered a judgment divorcing the parties on the grounds of incompatibility. Pursuant to that judgment the court divided the marital property, awarded the wife $7,000 as alimony in gross, and ordered the husband to pay the wife an attorney's fee in the amount of $3,000.
In addition, the court found the husband and his attorney to be in contempt for failing to comply with previous court orders directing them to produce financial documents in response to pretrial discovery requests from the wife. The court noted that it had experienced difficulty in ascertaining a true picture of the parties' financial affairs due to the failure of the husband and his attorney to produce the requested documents. The husband appeals.
The husband raises several issues for our consideration. He contends (1) that the judgment of divorce is not final for purposes of appeal because the trial court did not specifically rule on his counterclaim, alleging abandonment as grounds for divorce; (2) that the award of alimony in gross was an abuse of the trial court's discretion; (3) that the award of an attorney's fee was an abuse of the trial court's discretion; (4) that the finding of contempt was not supported by the evidence; and (5) that the denial of his motion seeking recusal of the trial judge was reversible error.
Initially, we note that in divorce cases where the evidence is presented ore tenus, the judgment of the trial court is presumed to be correct and will not be reversed unless found to be plainly and palpably wrong or unjust. Carr v. Carr,560 So.2d 776 (Ala.Civ.App. 1990). Furthermore, an award of alimony in gross is within the sound discretion of the trial court and will not be set aside absent a gross abuse of that discretion. Jordan v. Jordan, 523 So.2d 1078
(Ala.Civ.App. 1988).
We find no merit in the husband's contention that the divorce judgment is not final for purposes of appeal due to the trial court's failure to specifically rule on his counterclaim, alleging abandonment as grounds for the divorce. See Rule 54(b), Alabama Rules of Civil Procedure. By way of the wife's complaint and the husband's counterclaim, both parties sought a divorce, and such relief was granted to both parties when the judgment of divorce was entered on August 3, 1992. See §30-2-1(b), Code 1975. The allegations in the husband's counterclaim were disposed of at that time. Incompatibility and abandonment are properly seen as factual grounds or "causes" for divorce, § 30-2-1(a)(3) and (7), Code 1975, rather than claims for relief as contemplated by Rule 54(b), A.R.Civ.P.
The husband also contends that the award of $7,000 to the wife as alimony in gross was an abuse of the trial court's discretion. He argues that the wife failed to provide a documented accounting of her financial contributions during the marriage equal to the amount of alimony awarded.
It is well settled that no mathematical formula exists for determining the amount of alimony in gross; rather, the trial court should consider the particular facts of each case in making such determinations. Tims v. Tims, 519 So.2d 558
(Ala.Civ.App. 1987). Factors that a trial court may consider include, but are not limited to, the length of the parties' marriage; the source, value, and type of property the parties own; the parties' stations in life and their future prospects; and the parties' conduct during the marriage. Tims, supra.
The wife has a master's degree in counseling and is employed as a psychologist with the Mobile County school system. At the time of trial she was earning $34,599 per year. The husband is an attorney. He testified that in 1991 he earned approximately $40,000 from his law practice and approximately $590 per month serving as a municipal judge.
The record reflects that the parties' marriage ended after approximately five years of discord and acrimony. While no children were born of the marriage, the wife's teenage daughter from a previous marriage lived with the parties until she began attending college. *Page 191 
The husband's son from a previous marriage also resided with the parties. The wife testified that she endured physical and verbal abuse from the husband during the marriage. She related specific instances of violence by the husband. The husband, however, denied the wife's allegations of violence. He claimed that she abandoned him in February 1991, and for no just reason failed to return to the homeplace. The wife testified that she left the husband and moved in with her mother after the husband had stopped speaking to her altogether.
Until their separation, the parties resided in a house that the husband purchased prior to the marriage. Under the divorce judgment the husband retained all title to this house. The wife testified that she received approximately $3,300 from the sale of her own home just prior to the parties' marriage and that she used this money to improve the husband's home during the marriage. She gave testimony as to specific expenditures she made for the husband's house. She also testified that from 1987 until February 1991 she made one-half of the mortgage payments on the husband's home, contributing on average approximately $350 per month. She stated that she had little savings due to payment of the mortgage and household bills during the marriage, and indicated that she did not know of the amount of money the husband had in savings due to his refusal to provide banking records she had requested through the court. In view of the record evidence, we cannot hold that the trial court committed an abuse of discretion in its award of $7,000 as alimony in gross.
The husband next contends that the trial court abused its discretion by awarding the wife an attorney's fee of $3,000. The award of attorney's fees in a divorce case is within the sound discretion of the trial court and will not be reversed on appeal unless an abuse of that discretion is shown. Murray v.Murray, 598 So.2d 921 (Ala.Civ.App. 1992). Factors to be considered by the trial court when awarding such fees include the financial circumstances of the parties, the parties' conduct, the results of the litigation, and, where appropriate, the trial court's knowledge and experience as to the value of the services performed by the attorney. Chandler v. Chandler,501 So.2d 1234 (Ala.Civ.App. 1987).
Testimony was presented indicating that the wife's attorney had spent nearly sixty hours preparing for trial in this case. Also, the court could have concluded that the husband's failure to cooperate in the discovery process made the job of the wife's attorney much more difficult and time-consuming. In view of the factors to be considered in the award of an attorney's fee, we cannot hold that the trial court committed an abuse of discretion as to this issue.
The husband next contends that the trial court's finding that he was in contempt was unsupported by the evidence. In addressing this contention, we note that our scope of review in contempt cases does not extend to the weight and sufficiency of the evidence but only to the question of whether any evidence supports the finding of contempt. Blankenship v. Blankenship,420 So.2d 279 (Ala.Civ.App. 1982).
It is undisputed that the husband did not, prior to trial, comply with the wife's discovery requests for certain financial documents. At trial the husband's attorney acknowledged the husband's failure to respond to such requests and the husband's failure to comply with a February 11, 1992, court order compelling compliance with these requests. Furthermore, the evidence shows that the husband failed to comply with a second court order, entered on June 9, 1992, compelling compliance with the wife's requests.
The husband seeks to avoid the court's contempt ruling by arguing that the February 11, 1992, order compelling compliance with the wife's discovery requests is void, because the trial judge who entered that order subsequently recused himself from hearing the case. However, the husband cites no legal support for this position. What is more, the husband also failed to comply with the June 9, 1992, order, which was entered by the trial judge who did ultimately hear the case. We find that there was ample evidence to support the trial court's finding of contempt. *Page 192 
The husband's final contention is that the trial judge erred to reversal by refusing to recuse himself from hearing the case due to his "bias and prejudice" against the husband. As evidence of such alleged bias and prejudice, the husband cites the trial judge's refusal on the day of trial to grant a continuance requested by the husband and the trial judge's statement at the outset of the trial that the divorce case had been pending for too long.
The husband's assertion of bias and prejudice is unsubstantiated. The trial judge noted on the record at trial that the husband's attorney, after being informed of the trial date several days before trial, raised no objection until the day of the trial. Further, we find that the judge's statement at the commencement of trial does not indicate in any way that he had an interest in anything other than disposing of the matter fairly and in an expeditious manner. Therefore, we conclude that the trial judge did not err in refusing to recuse himself.
The judgment of the trial court is affirmed.
The wife's request for an attorney's fee on appeal is granted in the amount of $750.
AFFIRMED.
All the Judges concur.