I concur in the main opinion insofar as it affirms the trial court's judgment. I respectfully dissent insofar as the main opinion reverses the portion of the trial court's judgment ordering the mother to pay the father a $7,000 attorney fee.
As the main opinion acknowledges, the determination "`"[w]hether to award an attorney fee in a domestic relations case is within the sound discretion of the trial court and, absent an abuse of that discretion, its ruling on that question will not be reversed."'" 3 So.3d at 901 (quoting Springer v.Damrich, 993 So.2d 481, 489 (Ala.Civ.App. 2008), quoting in turn Glover v. Glover, 678 So.2d 174, 176 (Ala.Civ.App. 1996)). Indeed, I note that, in every case cited by the main opinion regarding the attorney-fee issue, this court affirmed the trial court's ruling on that issue.
The "`"[f]actors to be considered by the trial court when awarding such fees include the financial circumstances of the parties, the parties' conduct, the results of the litigation, and, where appropriate, the trial court's knowledge and experience as to the value of the services performed by the attorney."'" Springer, 993 So.2d at 489-90 (quotingGlover, 678 So.2d at 176, quoting in turn Figuresv. Figures, 624 So.2d 188, 191 (Ala.Civ.App. 1993)). With regard to the conduct of the parties in the case now before us, the trial court made the following finding:
 "[T]he primary cause of the destruction of the marriage lies not with both, but with one party. The misguided actions of the wife and her paramour along with her initial deception and ultimate decision concerning the pregnancy directly led to the dissolution of this marriage."
Thus, the mother's conduct in causing the breakdown of the marriage was a factor that supported the trial court's order that the mother pay the father a $7,000 attorney fee. Because the father was the prevailing party in the litigation, that factor also supported the trial court's order requiring the mother to pay the father a $7,000 attorney fee. Finally, the trial court implicitly found that the services of the father's attorney were valuable; consequently, that factor also supported the trial court's order requiring the mother to pay the father a $7,000 attorney fee.
In holding that the parties' financial circumstances warrant reversing the trial court's judgment insofar as it requires the mother to pay the father a $7,000 attorney fee, the main opinion, in effect, holds that that single factor trumps all three of the other factors. I cannot agree with that proposition. In my opinion, the three factors supporting the trial court's attorney-fee award, in the aggregate, outweigh the single factor that does not support that award. Accordingly, given the discretion afforded the trial court in awarding an attorney fee in a domestic-relations case and the factors supporting the trial court's award in this particular case, I would affirm the trial court's judgment insofar as it ordered the mother to pay the father a $7,000 attorney fee.
PITTMAN, J., concurs. *Page 904