WISE, Justice.
The respondents, William Harris (“Harris”), in his official capacity as president of Alabama State University (“ASU”), and the individual members of ASU’s Board of Trustees (“the Board”), in their official capacities as members of the Board, appeal from the circuit court’s order granting the petition filed by Felisa Owens seeking a writ of mandamus and declaratory relief as a result of the termination of her employment with ASU and awarding Owens full backpay and benefits.

Facts and Procedural History

On October 19, 2009, Carmen Douglas, vice president of ASU’s Office of Human Resources, delivered a notice-of-termination letter to Owens. The letter stated that Harris had approved a recommendation to terminate Owens’s employment and informed Owens of her right to request a hearing in accordance with ASU policy.
On October 20, 2009, Owens requested a hearing. On October 22, 2009, Owens was placed on administrative leave with pay pending the outcome of the hearing. After conducting a hearing, the hearing officer recommended that Owens be suspended for 30 days without pay.
ASU’s Office of Human Resources received a copy of the hearing officer’s findings and recommendation on January 4, 2010. Douglas subsequently sent Owens a letter dated February 1, 2010. In that letter, Douglas stated that Harris had rejected the hearing officer’s findings and recommendation; that the termination of Owens’s employment was upheld; that the termination of her employment was effective January 31, 2010; and that she would cease receiving benefits effective March 1, 2010. Owens appealed her termination to the Board.
Owens stopped receiving salary and benefits bn March 1, 2010. Subsequently, Douglas sent Owens a letter dated May 7, 2010, informing her that the Board had upheld the decision to terminate her employment.
On June 29, 2010, Owens filed a “Petition for Writ of Mandamus and Petition for Declaratory and Injunctive Relief’ in the Montgomery Circuit Court. Harris was named as a respondent in his official capacity as the president of ASU. Elton Dean, Oscar Crawley, Bobby Junkins, Taylor Hodge, Buford Crutcher, Thomas Figures, Lawrence Lemak, Marvin Wiggins, and Herbert Young were also named as respondents in their official capacities as members of the Board. In her petition, Owens alleged that, at the time she was notified that Harris had approved the recommendation to terminate her employment, she was a permanent employee of ASU; that § 2.6 of the Non-Academic Handbook (“the handbook”) stated that a permanent employee may not be dismissed *432 except through the due-process procedures set forth in the handbook; and that, in terminating her employment, the respondents did not comply with the due-process procedures set forth in the handbook.
On August 17, 2010, the respondents filed a motion for a summary judgment in which they argued that Owens could not meet the initial requirement for a writ of mandamus, i.e., she could not establish a clear legal right to the order sought because she had received written notice of the allegations against her and had had an evidentiary hearing before a hearing officer; that the procedural defects about which Owens complained did not amount to violations of the handbook; and that, even if the defects did amount to violations of the handbook, any error was harmless and would not support Owens’s claim for relief.
On September 7, 2010, the circuit court conducted a hearing on the respondents’ motion for a summary judgment,[1] and, on October 6, 2010, the circuit court denied the motion for a summary judgment. After conducting some discovery, the respondents, on June 21, 2011, renewed their motion for a summary judgment, in which they again argued that the alleged procedural defects did not amount to violations of the handbook and that, even if the defects did amount to violations of the handbook, any error was harmless and did not justify the relief sought by Owens. Owens filed a response, and, after conducting a hearing,[2] the circuit court denied the renewed motion for a summary judgment.
On September 14, 2011, the circuit court entered a final order. In that order, the circuit court stated that the facts were undisputed and that the issue involved was predominantly a legal one. The circuit court found that, in terminating Owens’s employment, the respondents did not comply with the procedures set forth in the handbook. It also found:
“The Foreword to the Handbook makes clear that ‘[a]ny policies issued by any individuals or agency in conflict with these policies are null and void.’ The actions of the officials at ASU in terminating [Owens] conflict with the policies set forth in the Handbook. Respondents do not dispute the sworn allegations of [Owens]; rather, they argue the Respondents’ failure to follow the mandated policies at ASU amounts to harmless error and that they are afforded wide discretion. The Court is not persuaded and disagrees.
[[Image here]]
“By refusing to follow the mandates of the Handbook, Respondents abused their discretion and exercised that discretion in an arbitrary and capricious manner. As such, mandamus will lie to compel a proper exercise of that discretion. The Court finds that [Owens’s] request for mandamus and declaratory judgment relief is due to be GRANTED.
“The Court having reviewed the petition, answer, motions and responses, oral arguments of counsel, the applicable law, and having reviewed the submissions of the parties, it is ORDERED, ADJUDGED, and DECLARED as follows:
“(A) that the Respondents have violated their mandatory policies with respect to the termination of [Owens];
“(B) that [Owens] has not been properly terminated pursuant to the mandatory policies of ASU;
“(C) that [Owens] still has permanent status as an employee of ASU;
*433 “(D) that [Owens] still has permanent status as an Academic Records Analyst at ASU;
“(E) that the Respondents follow their mandated policies, reinstating [Owens] to her former position or another position with commensurate duties, salary and benefits, with full back pay and back benefits;
“(F) that Respondents reinstate [Owens’s] pay from the date that it ceased to the present, with a reinstatement of benefits and a reinstatement of [Owens] assuming the duties of her position; and
“(G) that costs are taxed against the Respondents for which execution may commence.”
(Capitalization in original.)
On October 13, 2011, the respondents filed a motion to alter, amend, or vacate the circuit court’s final order, which the circuit court denied. This appeal followed.

Standard of Review

“The circuit court’s order issuing a writ of mandamus involves only questions of law. Therefore, the same standard of review applies to both the appeal and petition: a de novo standard. See, e.g., George v. Sims, 888 So.2d 1224, 1226 (Ala.2004) (observing in a case in which the plaintiff sought a petition for mandamus that ‘[b]ecause the facts are undisputed and we are presented with pure questions of law, our standard of review is de novo.’).”
Regions Bank v. Reed, 60 So.3d 868, 877 (Ala.2010). We note that, in Ex parte Miles, 841 So.2d 242, 243-44 (Ala.2002), we stated:
“‘“A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991).” ’
“(Quoting Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998).) Moreover, ‘[t]he burden is on the petitioner who seeks a writ of mandamus to show that each element required for issuance of the writ has been satisfied.’ Ex parte Patterson, 853 So.2d 260, 263 (Ala.Civ.App.2002) (citing Ex parte Consolidated Publ’g Co., 601 So.2d 423 (Ala.1992)).”
Ex parte Serio, 893 So.2d 1148, 1150 (Ala.2004).

Discussion

The respondents argue that the circuit court erred when it granted Owens’s petition for a writ of mandamus and her request for declaratory judgment and awarded Owens backpay and benefits. The respondents contend that they are immune from any claim for monetary damages under Art. I, § 14, Ala. Const. 1901, and that there was not sufficient evidence to support the circuit court’s judgment.
A.
Initially, the respondents contend that the circuit court erred in awarding Owens backpay and benefits because, they say, they are immune from liability for *434 monetary damages pursuant to Art. I, § 14, Ala. Const.1901.[3]
“‘It is settled beyond cavil that State officials cannot be sued for damages in their official capacities. Burgoon v. Alabama State Dep’t of Human Res., 835 So.2d 131, 132-33 (Ala.2002).’ Ex parte Dangerfield, 49 So.3d [675,] 681 [(Ala.2010)].”
Ex parte Montgomery Cnty. Bd. of Educ., 88 So.3d 837, 842 (Ala.2012). In Vandenberg v. Aramark Educational Services, Inc., 81 So.3d 326 (Ala.2011), this Court stated:
“This Court has held that the immunity afforded the State by § 14 applies to instrumentalities of the State and State officers sued in their official capacities when such an action is effectively an action against the State. Lyons v. River Road Constr., Inc., 858 So.2d 257, 261 (Ala.2003). We have specifically ‘extended the restriction on suits against the State found in § 14 “to the state’s institutions of higher learning” and ha[ve] held those institutions absolutely immune from suit as agencies of the State.’ Ex parte Troy Univ., 961 So.2d 105, 109 (Ala.2006) (quoting Taylor v. Troy State Univ., 437 So.2d 472, 474 (Ala.1983)). This § 14 bar also prohibits ‘actions against officers, trustees, and employees of state universities in their official capacities.’ Alabama Agric. & Mech. Univ. v. Jones, 895 So.2d 867, 873 (Ala.2004). We have, however, stated that certain causes of action are not barred by § 14:
“ ‘ “ ‘There are four general categories of actions which in Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1971), we stated do not come within the prohibition of § 14: (1) actions brought to compel State officials to perform their legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to perform ministerial acts; and (4) actions brought under the Declaratory Judgments Act ... seeking construction of a statute and its application in a given situation. 287 Ala. at 229-230, 250 So.2d 677. Other actions which are not prohibited by § 14 are: (5) valid inverse condemnation actions brought against State officials in their representative capacity; and (6) actions for injunction or damages brought against State officials in their representative capacity and individually where it was alleged that they had acted fraudulently, in bad faith, beyond their authority or in a mistaken interpretation of law. Wallace v. Board of Education of Montgomery County, 280 Ala. [635] at 639, 197 So.2d 428 [(1967)]; Unzicker v. State, 346 So.2d 931, 933 (Ala.1977); Engelhardt v. Jenkins, 273 Ala. 352, 141 So.2d 193 (1962).” ’
“ ‘Drummond Co. v. Alabama Dep’t of Transp., 937 So.2d 56, 58 (Ala.2006) (quoting [Ex parte] Carter, 395 So.2d [65,] 68 [(Ala.1980)]) (emphasis omitted). These actions are sometimes referred to as “exceptions” to § 14; however, in actuality these actions are simply not considered to be actions “ ‘against the State’ for § 14 purposes.” Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala.2002). This Court has qualified those “exceptions,” noting that “ ‘[a]n action is one against the [S]tate when a favorable result for the plaintiff would directly affect a contract or property right of the State, or would result in the *435 plaintiff's recovery of money from, the [S]tate.’ ” Alabama Agric. & Mech. Univ. v. Jones, 895 So.2d 867, 873 (Ala.2004) (quoting Shoals Cmty. Coll. v. Colagross, 674 So.2d 1311, 1314 (Ala.Civ.App.1995)) (emphasis added in Jones).’
“Alabama Dep’t of Transp. v. Harbert Int'l, Inc., 990 So.2d 831, 840 (Ala.2008). As clarified in Harbert, these ‘exceptions,’ including the exception for actions seeking a declaratory judgment under the Declaratory Judgments Act, apply only to actions against State officials, not actions against State agencies. Id. at 841. The defendant boards of trustees are corporate bodies governing the universities, and there is no exception to the immunity afforded the State by § 14 that would permit the trial court to entertain an action against them, regardless of whether monetary, injunctive, or declaratory relief is being sought. Accordingly, the boards of trustees are due to be dismissed as parties with regard to all the claims alleged by the students, and we need only consider those claims as they relate to the university administrators and the food-service vendors.[7]
81 So.3d at 332-33 (some emphasis added).
In this case, § 14 immunizes the respondents from any claim for monetary damages. Therefore, the circuit court did not have subject-matter jurisdiction over Owens’s claim for backpay and benefits. See Ex parte Alabama Dep’t of Transp., 978 So.2d 17 (Ala.2007). “ ‘ “ ‘Lacking subject matter jurisdiction [a court] may take no action other than to exercise its power to dismiss the [claim].... Any other action taken by a court lacking subject matter jurisdiction is null and void.’ ” ’ Ex parte Blankenship, 893 So.2d [303,] 307 [(Ala.2004)] (quoting State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1029 (Ala.1999), quoting in turn Beach v. Director of Revenue, 934 S.W.2d 315, 318 (Mo.Ct.App.1996)).” Ex parte Alabama Dep’t of Transp., 978 So.2d at 27. Thus, the circuit court’s order was void to the extent it purported to award backpay and benefits to Owens. “Our remedy in such a situation, when we find no subject-matter jurisdiction in the trial court, is to dismiss the appeal and vacate the trial court’s judgment.” Ex parte Alabama Dep’t of Human Res., 999 So.2d 891, 898 (Ala.2008). Accordingly, we dismiss the respondents’ appeal as to the portion of the circuit court’s final order awarding Owens back-pay and benefits, and we vacate that portion of the circuit court’s order.
B.
The respondents also contend that the circuit court erred when it granted Owens’s petition for a writ of mandamus and declaratory relief because
“there is insufficient evidence in the record to support the trial court’s judgment. The evidence before this Court shows that Owens was provided all process that she was due and that any deviation from the strictures of procedures set forth in ASU’s Handbook amounts to ‘harmless error’ and does not form a sufficient basis for overturning ASU’s employment decision.”
(Respondents’ brief, at p. 15.) We note that the respondents cite no specific authority in support of their harmless-error argument, in contravention of Rule 28, Ala. R.App. P.
*436 “ ‘The purpose of Rule 28, Ala. R.App. P., outlining the requirements for appellate briefs, is to conserve the time and energy of the appellate court and to advise the opposing party of the points he or she is obligated to make. United States v. Levy, 391 F.3d 1327 (11th Cir.2004) (discussing the rule that issues not briefed are waived and Rule 28, Fed. R.App. P., which sets out the requirements for appellate briefs in the federal courts). Rule 28(a)(10), Ala. R.App. P., provides that the argument section of the appellant’s brief shall set out “the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on.” Additionally, “ ‘[i]t is not the function of this Court to do a party’s legal research or to make and address legal arguments for a party based on undel-ineated general propositions not supported by sufficient authority or argument.’” Butler v. Town of Argo, 871 So.2d 1, 20 (Ala.2003) (quoting Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala.1994)).’
“Ex parte Borden, 60 So.3d 940, 943 (Ala.2007). Because Gracie has not complied with Rule 28(a)(10), we do not consider this issue.”
Van Voorst v. Federal Express Corp., 16 So.3d 86, 92-93 (Ala.2008).
‘“It is well established that general propositions of law are not considered “supporting authority” for purposes of Rule 28. Ex parte Riley, 464 So.2d 92 (Ala.1985).’ S.B. v. Saint James Sch., 959 So.2d 72, 89 (Ala.2006). This Court will not ‘create legal arguments for a party based on undelineated general propositions unsupported by authority or argument.’ Spradlin v. Spradlin, 601 So.2d 76, 79 (Ala.1992). Further, it is well settled that ‘ “[w]here an appellant fails to cite any authority for an argument, this Court may affirm the judgment as to those issues, for it is neither this Court’s duty nor its function to perform all the legal research for an appellant.’” Spradlin v. Birmingham Airport Auth., 613 So.2d 347, 348 (Ala.1993)(quoting Sea Calm Shipping Co., S.A. v. Cooks, 565 So.2d 212, 216 (Ala.1990)).”
Allsopp v. Bolding, 86 So.3d 952, 960 (Ala.2011).
The only citations to authority included in the respondents’ argument stand for the general propositions that “[t]he doctrine that error, in order to furnish a ground for reversal, must be prejudicial is generally applied to review of a decision by an administrative board” and that “ ‘[a]n appellate court should view with less strictness the procedural aspects of proceedings before an administrative body than when dealing with procedural aspects occurring in a lower court.’ State v. Alabama Public Service Commission, 293 Ala. 553, 562-63, 307 So.2d 521, 528-29 (1975).” Ferguson v. Hamrick, 388 So.2d 981, 984 (Ala.1980).[4] However, the respondents do not cite any authority that supports their specific contention that the harmless-error rule would apply to their failure to comply with the procedures set forth in the handbook. Therefore, the respondents’ argument in this regard does not comply with Rule 28(a)(10), Ala. R.App. P., and we will *437 not consider this issue. Accordingly, we affirm the portion of the circuit court’s final order granting mandamus and declaratory relief.
For the above-stated reasons, we dismiss the appeal insofar as it is from the portion of the circuit court’s final order awarding Owens backpay and benefits, and we vacate that portion of the circuit court’s final order. However, we affirm that portion of the circuit court’s judgment granting mandamus and declaratory relief.
AFFIRMED IN PART; APPEAL DISMISSED IN PART AND JUDGMENT VACATED IN PART.
MALONE, C.J., and WOODALL, STUART, BOLIN, PARKER, MURDOCK, SHAW, and MAIN, JJ., concur.

. The record does not include a transcript of the September 7, 2010, hearing.

. The record does not include a transcript of this hearing.

. The respondents do not contend that they are entitled to immunity as to Owens’s claims for mandamus and declaratory-judgment relief.

“7 However, although the students may seek injunctive and declaratory relief against the university administrators, § H still immunizes those State officials from any claim for money damages. Harbert, 990 So.2d at 839-41.”

. This Court in Ferguson was reviewing a decision by the Board of Medical Examiners. Also, this Court in Ferguson noted that there was a statute that specifically provided that the harmless-error rule applied to decisions of the Board of Medical Examiners. However, the respondents do not cite any statute that provides that the harmless-error rule applies to the review of a decision of the Board in this case.