PITTMAN, Judge.
Anthony Devero appeals from a summary judgment in favor of his employer, North American Bus Industries (“NABI”), in an action in which Devero initially asserted claims purporting to be outside the scope of the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975 *133 (“the Act”), but in which Devero ultimately sought benefits under the Act.
Devero worked as a bus painter at NABI for two years. In February 2005, a complaint was filed in the Calhoun Circuit Court on behalf of Devero and seven other plaintiffs alleging various tort claims against NABI and two other defendants, PPG Industries, Inc., and E.I. duPont de Nemours & Co. The complaint was amended several times thereafter; as of March 2005, the complaint alleged fraud, negligence, wantonness, failure-to-warn, infliction-of-emotional-distress, and civil-conspiracy claims against NABI stemming from the exposure of the plaintiffs in the workplace to hazardous chemicals. In January 2006, the trial court entered an order stating that the complaint as last amended was
“a hodge7podge of allegations cast in such a way as to attempt to circumvent the reach of the ... Act. It is not denied that the claimed injuries to the various plaintiffs (or those claiming for or through them) arose out of their employment at [NABI’s] production facility in Calhoun County, Alabama. As such, it appears that all the claims against NABI are governed by the exclusivity provisions of th[e] Act.”
The trial court ordered Devero to restructure his complaint to state claims under the Act and ordered each of the plaintiffs to file separate complaints, in essence effecting a severance of all plaintiffs’ claims except Devero’s from the action. Devero filed a new complaint asserting only a claim against NABI under the Act in which Devero alleged that, during his employment with NABI, he had been exposed to toxic chemicals, deadly solvents, and sandblasting and spray-paint particles that had damaged his internal organs and caused him to develop pneumoconiosis. NABI filed an answer, denying all Deve-ro’s allegations.
Following discovery, NABI moved for a summary judgment, asserting that there was no evidence indicating that Devero had been exposed to any toxic chemical at work and that he could not, therefore, establish legal causation so as to warrant an award of benefits under the Act; NABI also asserted that there was no evidence indicating that Devero suffered from any illness or occupational disease related to his employment and that he could not, therefore, establish medical causation so as to warrant such an award. In support of its motion, NABI submitted portions of Devero’s deposition testimony; the medical records of Devero’s personal physician, Dr. Jose M. Oblena; the records of Northeast Alabama Regional Medical Center, where Devero had been hospitalized on two occasions in 2004; and the application for short-term-disability benefits that Devero had filed while he was working for NABI. Devero’s responsive filings adduced no other evidence apart from affidavits from himself and his wife.
The trial court held a hearing on NABI’s motion at which Devero testified and the parties’ counsel made legal arguments. On May 2, 2012, the trial court entered the following judgment:
“This matter came before the court on [NABI’s] motion for summary judgment. This is a workers’ compensation case in which [NABI] has asserted it is entitled to a judgment as a matter of law because there is no evidence of legal or medical causation. The court has considered [NABI’s] motion for summary judgment, the memorandum of law in support of the motion for [a] summary judgment, as well as [NABI’s] supplemental evidence offered in support of the motion for summary judgment. The court has also considered [Devero’s] re *134 sponse to the motion for summary judgment as well as the first and second supplemental response to the motion for summary judgment.
“The court has considered all the pleadings filed in support of and in opposition to [NABI’s] motion for [a] summary judgment and has thoroughly reviewed extensive documents and exhibits offered into evidence by both parties. The court has also heard and considered oral arguments by the parties on [NABI’s] motion for [a] summary judgment.
“After consideration of all the evidence, [NABI’s] motion for [a] summary judgment is GRANTED. The court hereby finds there is no genuine issue of material of fact and [NABI] is entitled to a judgment as a matter of law.”
Devero filed a postjudgment motion that was denied by operation of law, see generally Rule 59.1, Ala. R. Civ. P., after which he appealed from the summary judgment.
Before we consider the issues presented by Devero in his appellate brief, we must first address the threshold matter of whether this court may properly review the summary judgment in .its current form. The trial court’s judgment contains no findings of fact or conclusions of law expressly addressing whether Devero is suffering from an injury or disease that arose out of and in the course of his employment. However, Rule 52(a), Ala. R. Civ. P., expressly provides that “[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56,” Ala. R. Civ. P. (emphasis added).
Notwithstanding the clear language of that portion of Rule 52(a), this court, at least since Farris v. St. Vincent’s Hospital, 624 So.2d 188 (Ala.Civ.App.1998), has purported to recognize an exception to Rule 52(a) applicable only to summary judgments entered pursuant to Rule 56 in workers’ compensation cases. In Farris, the two-judge majority opined that Ala. Code 1975, § 25-5-88, provided that “[a] final judgment in [such a] case must contain a statement of the law, the facts, and the conclusions of the trial court,” and held that that requirement applied even to summary judgments. 624 So.2d at 185. However, as our opinion in Alpine Associate Industrial Services, Inc. v. Smitherman, 897 So.2d 391 (Ala.Civ.App.2004), noted:
“§ 25-5-88, Ala.Code 1975, ... provides, in pertinent part (emphasis added [in Alpine Associate ]):
“‘[A worker’s compensation] action shall proceed in accordance with and shall be governed by the same rules and statutes as govern civil actions, except as otherwise provided in this article and Article 2 of this chapter, and except that all civil actions filed hereunder shall be preferred actions and shall be set down and tried as expeditiously as possible. At. the hearing or any adjournment thereof the court shall hear such witnesses as may be presented by each party, and in a summary manner without a jury, unless one is demanded to try the issue of willful misconduct on the part of the employee, shall decide the controversy. This determination shall be filed in writing with the clerk of said court, and judgment shall be entered thereon in the same manner as in civil actions tried in the said circuit court and shall contain a statement of the law and facts and conclusions as determined by said judge.’
“This language indicates that our Legislature intends that ‘this determination,’ i.e., a trial court’s decision entered after a nonjury trial in a case arising under the Act, should contain ‘a statement of the law and facts.’
*135 “_ [T]his court has placed a judicial gloss on § 25-5-88 so as to require that any final judgment in a workers’ compensation case entered beyond the initial pleadings, including a summary judgment, must comply with that portion of § 25-5-88 requiring the trial court to state findings of fact and conclusions of law. This court’s gloss has been criticized on the rationale that, ‘[o]n review of a summary judgment in a workers’ compensation case, the finding of facts would not be conclusive or even persuasive’ on a reviewing court. 2 Terry A. Moore, Alabama Workers’ Compensation § 24:55 (West 1998).”
Alpine Associate, 897 So.2d at 394-95 (footnote and some citations omitted).
After considering the language and intent of both § 25-5-88 and Rule 52(a), we conclude that the time has come to discard the gloss placed upon § 25-5-88 by the majority in Farris to which this court, despite authoritative criticism, has adhered for the two decades since Farris was decided. Both the Rules of Civil Procedure and the Rules of Appellate Procedure, taken together, counsel decision of all cases justly, speedily, and inexpensively on their merits when possible, see Rule 1(c), Ala. R. Civ. P., and Rule 1, Ala. R.App. P. — an aspiration that Farris and its progeny thwarts by encouraging sua sponte reversals by our appellate courts based solely upon noncomplianee with a form requirement that is required of summary judgments in practically no other class of cases (which reversals, as a practical matter, invite second, duplicative appeals in nearly all such cases). Although we acknowledge that there may be valid reasons in certain cases for deeming particular orders, including nonfinal orders pertaining to compensability, to be tantamount to “determination[s] ... entered after ... nonjury trial[s]” in cases arising under the Act so as to trigger the findings- and-conclusions requirement, cf. Ex parte Cowabunga, Inc., 67 So.3d 136, 139 (Ala. Civ.App.2011), the summary judgment entered in this case, which is based primarily upon written submissions of the parties and limited testimony from Devero at the motion hearing,[1] is due to be reviewed on its merits rather than reversed under Far-ris and its progeny, which we hereby overrule to the extent that those cases are inconsistent with our decision in this case.
We now consider the arguments advanced by Devero in his brief on appeal. In his four-page argument, Devero first appears to assert that the summary judgment improperly denied him a “day in court” and that the trial court’s failure to hold a trial or to vacate the summary judgment amounted to acts outside the scope of that court’s discretion. However, the sole authorities cited by Devero in support of those contentions are Shealy v. Golden, 959 So.2d 1098, 1103 (Ala.2006), and Eubanks v. Hale, 752 So.2d 1113, 1122 (Ala.1999); those cases are cited solely for the general proposition that there is no presumption of correctness applicable on appeal from a judgment entered by a trial court based upon documentary evidence alone.
Rule 28(a)(10), Ala. RApp. P., mandates that the argument section of an appellant’s brief must set out “the contentions of the appellani/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on.” Its purpose “ ‘is to *136 conserve the time and energy of the appellate court and to advise the opposing party of the points he or she is obligated to make.’ ” Van Voorst v. Federal Express Corp., 16 So.3d 86, 92 (Ala.2008) (quoting Ex parte Borden, 60 So.3d 940, 943 (Ala. 2007)). To that end,
“ ‘ “[i]t is well established that general propositions of law are not considered ‘supporting authority’ for purposes of Rule 28.” [An appellate court] will not “create legal arguments for a party based on undelineated general propositions unsupported by authority or argument.” Further, it is well settled that “ ‘[w]here an appellant fails to cite any authority for an argument, [an appellate court] may affirm the judgment as to those issues, for it is neither [that court’s] duty nor its function to perform all the legal research for an appellant.’ ” ’ ”
Harris v. Owens, 105 So.3d 430, 436 (Ala. 2012) (citations omitted; quoting Allsopp v. Bolding, 86 So.3d 952, 960 (Ala.2011), quoting in turn earlier cases). Devero’s argument falls far short of setting forth anything more than mere general propositions of law pertaining to standards of review rather than citing any pertinent authorities mandating reversal of the summary judgment in favor of NABI on Deve-ro’s claim under the Act. See Harris, 105 So.3d at 436-37 (noting that although petitioning school officials seeking writ of mandamus from appellate court had cited cases generally pertaining to harmless error in administrative proceedings, those parties had nonetheless violated Rule 28(a)(10) because they had not cited “any authority that supported] their specific contention that the harmless-error rule would apply to their failure to comply with the procedures set forth in the [school’s] handbook”). Based on those authorities, we will not consider Devero’s contention that the trial court erred in entering a summary judgment as to his claim under the Act.
Devero also contends, in the remaining two pages of his argument, that the trial court erred in failing to allow him to proceed on his tort claims purportedly outside the scope of the Act in which, he says, he asserted the existence of egregious conduct on the part of NABI and disregard for the safety and lives of NABI’s employees. Contrary to NABI, we deem the trial court’s January 2006 ruling as a nonfinal adverse ruling concerning Devero’s right to maintain his tort claims against NABI as a matter of law under Rule 54(b), Ala. R. Civ. P., and we note that “[o]n an appeal from a judgment or order a party shall be entitled to a review of any judgment, order, or ruling of the trial court” (Rule 4(a), Ala. R.App. P.); we thus perceive no procedural or jurisdictional impediment to considering Devero’s argument, which draws substantive support from a statement made in Bowman v. Piedmont Executive Shirt Manufacturing Co., 547 So.2d 90, 95 (Ala.1989), to the effect that a claim asserting an employer’s intentional tortious conduct that has been committed beyond the bounds of the employer’s proper role is not barred by principles of exclusivity endorsed by the terms of the Act.
That we deem Devero’s argument to have been properly preserved in the trial court and presented in this court does not, however, reflect any agreement by this court with the proposition that it has any merit. Rather, we deem the tort theories alleged by Devero to be barred by the exclusivity provisions of the Act, see Ala. Code 1975, §§ 25-5-52 and 25-5-53, just as we held in Hudson v. Renosol Seating, LLC, 73 So.3d 1267, 1271 (Ala.Civ.App. 2011), claims asserted by the plaintiff workers in that case to be barred that had *137 alleged similar conduct, i.e., that the employer of the workers had “ ‘intentionally, willfully, negligently and/or wantonly caused or allowed the [workers] to be subjected and/or exposed to hazardous and/or harmful chemicals, substances and/or conditions’ ” and that the employer had “fraudulently made certain misrepresentations or had suppressed certain facts” concerning the safety of the factory and chemicals used therein. Relying heavily on the binding authority of Ex parte Progress Rail Services Corp., 869 So.2d 459 (Ala. 2003), we reasoned:
“Progress Rail ... stands for the proposition that when an employee’s claim is otherwise within the scope of the Act, the exclusivity provisions cannot be avoided by the mere expedient of alleging that the conduct of the employer giving rise to the claim was willful or intentional. In recognizing that principle, the opinion in Progress Rail distinguished Lowman, which was described as involving an employee’s claims of fraud, conspiracy to defraud, and intentional infliction of emotional distress against her employer that ‘[arose] out of ... refusing to allow the injured employee to seek workers’ compensation benefits for her on-the-job injury’ and attempting to coerce that employee to ‘ “file her disability claim as for an off-the-job injury.” ’ Progress Rail, 869 So.2d at 469 (quoting Lowman, 547 So.2d at 92). Progress Rail makes clear that, regardless of the holding in Low-man that the exclusivity provisions do not apply to claims alleging ‘ “intentional tortious conduct ... committed beyond the bounds of the employer’s proper role,” ’ they do apply to bar tort claims arising from ‘conduct committed within the bounds of the employer’s proper role.’ 869 So.2d at 470 (emphasis in Progress Rail).
“Progress Rail, then, compels judicial attention to the objective nature of the particular transaction or occurrence giving rise to the injury, and it discounts the effect of subjective characterizations of the employer’s contemporaneous state of mind. Accord Harris v. Beaulieu Group, LLC, 394 F.Supp.2d 1348, 1356 (M.D.Ala.2005) (‘When the employee’s injury is covered under the Act, the Act does not allow the employee to circumvent its provisions and seek a tort remedy based on an assertion that the employer’s conduct was willful.’). When it can objectively be ascertained that an injury ‘aris[es] out of and in the course of ... employment’ (§ 25 — 5—50[, Ala. Code 1975]) and that the injury is not expected or intended on the employee’s part, pleading or proof of an intent on the part of the employer to injure will not remove the case from the scope of the Act and its exclusivity provisions. As Judge Moore correctly surmised in his treatise on workers’ compensation law, after Progress Rail, ‘it should be assumed that Alabama law no longer allows intentional fraud actions against employers,’ at least when such a fraud claim is ‘premised on a covered injury caused by the willful or intentional conduct of the employer.’ 2 Terry A. Moore, Alabama Workers’ Compensation § 20:18 (West 2010 Supp.).
“In this case, at bottom, the workers have alleged that their injuries stem from conduct, statements, or silence of the corporate defendants as to workplace conditions. Such conduct, even if proved, would fall within the employer’s role under the Act: to ‘employ[ ] another to perform a service’ in exchange for wages. Ala.Code 1975, § 25-5-1(4). The workers in this ease allege that they have suffered bodily injuries by virtue of exposure to hazardous conditions in the workplace, not that they have been in *138 jured by means of coercion occurring outside the scope of employment (as was alleged to have occurred in Lowman, in which the gravamen of the fraud claim stemmed from postinjury coercive practices) .... Properly understood, the gloss placed upon Lowman and its progeny by cases that broadly state that intentional-tort claims against employers fall outside the scope of the Act are best viewed through the lens that Progress Rail provides, and we do not hesitate to conclude that the workers’ claims against the corporate defendants in this case fall within the scope of the Act and its exclusivity provisions.”
73 So.3d at 1273-74.
Based upon the foregoing facts and authorities, we affirm the trial court’s judgment in favor of NABI.
AFFIRMED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. Limited testimony may indeed be considered by the trial court in connection with deciding a summary-judgment motion. See, e.g., Middaugh v. City of Montgomery, 621 So.2d 275, 279-80 (Ala. 1993) (citing Rule 43(e), Ala. R. Civ. P.).