Rel: January 12, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

_____

## CL-2023-0043

_____

## Alisa Bliss Ezell

## v.

## Matthew Ryan Ezell

## Appeal from Limestone Circuit Court
## (DR-21-900386)

PER CURIAM.

Alisa Bliss Ezell ("the wife") appeals from a judgment of the Limestone Circuit Court ("the trial court") divorcing her from Matthew Ryan Ezell ("the husband").[1]

---

[1]Both the wife and the husband are represented by counsel on appeal.

A factual and procedural history of this case is unnecessary for this court to affirm the judgment of the trial court. Rule 28(a), Ala. R. App. P., sets out what an appellant's brief "shall contain." "The rule is not merely a suggestion as to what one might wish to include in a brief. Rule 28(a), [Ala. R. App. P.,] mandates that an appellant include certain specific information necessary for this court to conduct a meaningful review of the matter before us." May v. May, 292 So. 3d 385, 387 (Ala. Civ. App. 2019).

Rule 28(a)(5), Ala. R. App. P., requires that the appellant set forth a statement of the case. Rule 28(a)(5) provides:

> "(5) Statement of the Case; Requirements for Civil Cases; Special Requirement for Briefs on Appeal to the Court of Criminal Appeals. A statement of the case, indicating briefly the nature of the case, the course of proceedings, and the disposition in the court below, with appropriate references to the record (see subdivision (g)[of this Rule]). In civil cases, a statement of the case should also identify the adverse ruling or rulings from which the appeal is taken and asserted as error on appeal, with a reference to the pages of the record on appeal at which the adverse ruling or rulings can be found. A brief on appeal to the Court of Criminal Appeals should contain a list of each and every ruling by the trial court adverse to the defendant on whose behalf the appeal is taken and asserted by that defendant as error on appeal. That list need refer only to the pages of the record on appeal where the adverse rulings are reflected (see Form 23 [of Appendix I to these Rules]) and shall be included as an appendix to the brief."

The statement of the case included in the wife's brief provides:

"This case involves a divorce and custody case between the biological parents. The parties lived together in Athens, AL(R7). The Appellant/Mother and biological child was forced out of the home by the Appellee/Father, so the mother and child moved to Muscle Shoals, AL, about an hour away. The Appellant/Mother was and had always been the primary caretaker of the child. (R10)."

The wife omitted a description of the course of the proceedings and the disposition in the court below with appropriate references to the record. She also omitted references to adverse rulings. The wife's statement of the case is inadequate.

Rule 28(a)(7) requires the appellant to provide this court with a statement of facts relevant to the issue he or she raises on appeal. Rule 28(a)(7) provides:

"(7) Statement of the Facts. A full statement of the facts relevant to the issues presented for review, with appropriate references to the record (see subdivision (g)[of this Rule]), except that no statement of the facts need be included in a brief in a case in which a writ of certiorari has issued and briefing has been ordered. Facts must be stated accurately and completely."

The statement of facts included in the wife's brief provides:

"The facts are simple. The only facts that are relevant to the appeal are that the mother was the primary caretaker of the child at this time and the child was living with the mother

3

for the majority of the time, after the separation, while the mother was the primary caretaker of the child the father worked and fished. The Judge did not address the automobiles in the Final Decree and did not include all of the language from the Alabama Relocation Statute."

The wife raises seven issues in her brief, discussed infra. Although the wife mentions some facts that are relevant to the issues that she raises concerning custody and the primary caretaker, the division of the automobiles, and the "Alabama Relocation Statute", she does not provide any facts relevant to the issues that she raises concerning the propriety of the admission of certain evidence, the alleged violation of her religious briefs, or the division of the parties' real property. The wife's statement of facts is clearly inadequate, incomplete, and of little assistance in our review.

Rule 28(a)(8), Ala. R. App. P., requires the appellant to include "a concise statement of the standard of review applicable to each issue." The wife's statement of the standard of review provides: "[T]he standard of review is whether the Judge abused his discretion." The wife's statement of the standard of review is incomplete. As another state appellate court noted "[t]he standard of review is an essential portion of all appellate

arguments; it outlines this court's role in disposing of the matter before us." Waller v. Shippey, 251 S.W.3d 403, 406 (Mo. Ct. App. 2008).

The wife raises seven issues on appeal, including (1) whether the trial court abused its discretion by granting joint and legal physical custody; (2) whether the trial court erred by not awarding either party their automobile; (3) whether the trial court followed the law concerning the primary caretaker; (4) whether the trial court erred in allowing the husband's attorney to discuss evidence that was not provided in discovery; (5) whether the trial court violated the mother's religious beliefs; (6) whether the trial court erred in not providing the whole "Alabama Relocation Statute" in the final judgment; and (7) whether the trial court erred by not awarding the wife any equity in the parties' real property.

Rule 28(a)(9), Ala. R. App. P., requires the appellant to include

"[a] summary of the argument, suitably paragraphed, which should be a clear, accurate, and succinct condensation of the argument actually made in the body of the brief. It should not merely repeat the headings under which the argument is arranged. It should seldom exceed two pages and never exceed five pages."

In her brief, the wife paraphrases the statement of the issues, see Rule 28(a)(6), Ala. R. App. P., instead of summarizing the argument.

As this court stated in May, "[t]he heart of any appellate brief is the argument, the requirements of which are governed by Rule 28(a)(10)[, Ala. R. App. P.]." 292 So. 3d 385, 388. "It is well settled that this court will not consider issues for which no legal arguments are developed and for which no authority is offered to support the appellant's contentions." Id.

> "Rule 28(a)(10), Ala. R. App. P., mandates that the argument section of an appellant's brief must set out 'the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on.' Its purpose '"is to conserve the time and energy of the appellate court and to advise the opposing party of the points he or she is obligated to make."' Van Voorst v. Federal Express Corp., 16 So. 3d 86, 92 (Ala. 2008) (quoting Ex parte Borden, 60 So. 3d 940, 943 (Ala. 2007)). To that end,
>
>> "'"'[i]t is well established that general propositions of law are not considered "supporting authority" for purposes of Rule 28.' [An appellate court] will not 'create legal arguments for a party based on undelineated general propositions unsupported by authority or argument.' Further, it is well settled that '"[w]here an appellant fails to cite any authority for an argument, [an appellate court] may affirm the judgment as to those issues, for it is neither [that court's] duty nor its function to perform all the legal research for an appellant."'"'

6

"Harris v. Owens, 105 So. 3d 430, 436 (Ala. 2012) (citations omitted; quoting Allsopp v. Bolding, 86 So. 3d 952, 960 (Ala. 2011), quoting in turn earlier cases)."

Devero v. North Am. Bus Indus., 154 So. 3d 131, 135-36 (Ala. Civ. App. 2013).

The wife fails to develop any legal arguments in her brief. Several of the arguments fail to contain citations to any relevant legal authority. "'[W]here no legal authority is cited or argued, the effect is the same as if no argument had been made.'" Steele v. Rosenfeld, LLC, 936 So. 2d 488, 493 (Ala. 2005) (quoting Bennett v. Bennett, 506 So. 2d 1021, 1023 (Ala. Civ. App. 1987)). The other arguments contain citations to general propositions of law. "Authority supporting only 'general propositions of law' does not constitute a sufficient argument for reversal." Beachcroft Props., LLP v. City of Alabaster, 901 So. 2d 703, 708 (Ala. 2004) (quoting Geisenhoff v. Geisenhoff, 693 So. 2d 489, 491 (Ala. Civ. App. 1997)). The wife's longest "argument" involves the trial court's award of custody. The wife sets out factors to be considered in awarding custody, but she fails to discuss the relevance of those factors. She references cases regarding

a parent's involvement in a child's life, but she fails to discuss those cases and explain how those cases support her argument.[2]

Although the husband, as the appellee, addressed the "arguments" raised by the wife, the burden is on the appellant to provide an argument and analysis supported with authority and citations to the record and to show how the cited authority supports reversible error. Magers v. Alabama Women's Ctr. for Reprod. Alts., LLC, 325 So. 3d 788 (Ala. 2020).

---

[2]In the plurality opinion in Roberts v. NASCO Equipment Co., 986 So. 2d 379 (Ala. 2007), our supreme court noted that although the appellant did not comply with Rule 28(a), Ala. R. App. P., the appellant's brief did contain sufficient citations to caselaw to address the merits of the claims raised against one of the appellees. However, one of the appellant's arguments regarding a different defendant was affirmed due to the appellant's failure to cite any relevant legal authority. 986 So. 2d at 387. In Kirksey v. Roberts, 613 So. 2d 352, 353 (Ala. 1993), our supreme court held that

> "[w]hile the Court endeavors to avoid affirming judgments based on technicalities, when the Court cannot discern the merits of an appellant's claim because the appellant has failed to articulate the claim and has failed to present authorities in support of the claim, the Court will refuse to consider the appeal, if the circumstances of the appellant's failure make it appropriate that we do so."

The wife has failed to comply with Rule 28(a)and therefore has failed to demonstrate a reason for reversing the trial court's judgment. Accordingly, the judgment is affirmed.

AFFIRMED.

Thompson, P.J., and Hanson and Fridy, JJ., concur.

Moore, J., concurs in the result, with opinion.

Edwards, J., concurs in the result, without opinion.

MOORE, Judge, concurring in the result.

Alisa Bliss Ezell ("the wife") appeals from a judgment entered by the Limestone Circuit Court ("the trial court") granting the wife a divorce from Matthew Ryan Ezell ("the husband"), awarding the parties joint legal and joint physical custody of their minor child, and dividing the marital property. In her appellate brief, the wife argues that the judgment should be reversed for seven different errors. The brief only marginally complies with the format specified in Rule 28, Ala. R. App. P. However, any deficiencies in the form of the brief should not compel affirmance of the judgment. So long as this court and the opposing party can discern the arguments made against the judgment, any failure to comply with the letter of Rule 28 should not result in a waiver of the appeal. See Roberts v. NASCO Equip. Co., 986 So. 2d 379, 383 (Ala. 2007) (plurality opinion); Kirksey v. Roberts, 613 So. 2d 352, 353 (Ala. 1993). In this case, the husband clearly understands the arguments made by the wife because he has responded to each issue raised in her appellate brief with counterarguments supporting the affirmance of the judgment. I believe that this court should reach the merits of the arguments rather than disposing of the appeal based on the technical violations of Rule 28.

I have reviewed the record and conclude that the parties have adequately set forth in their briefs the material facts of the case, most of which were in serious dispute. Applying the ore tenus standard of review, see Kennedy v. Boles Invs., Inc., 53 So. 3d 60, 67-68 (Ala. 2010), and considering Alabama caselaw on the various issues, I believe that the judgment is due to be affirmed on its merits, mostly for the reasons set forth in the brief filed by the husband. I note that the wife asserts that the trial court violated her religious beliefs by giving her final decision-making authority over the religion of the child but awarding the father custody of the child on Wednesday nights; however, the wife failed to present that argument to the trial court, so that issue has not been preserved for appellate review. "This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court." Andrews v. Merritt Oil Co., 612 So. 2d 409, 410 (Ala. 1992). Therefore, I concur that the judgment should be affirmed.